Sidney FRIEDAN and General Accident
Fire and Life Assurance Corp.,
Appellants,

v.

PAN TEX HOTEL CORP., Appellee.

No. 04–81–00328–CV.

Court of Appeals of Texas,
San Antonio.

June 1, 1983.

Gerald Shiely, San Antonio, J.G. Hornberger, Jr., Laredo, for appellants.

Francisco Canseco, Laredo, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a take-nothing judgment in a slip and fall case. The jury's verdict, based on special issues, found appellant sixty percent (60%) negligent and appellee forty percent (40%) negligent.

Appellant in his first six points of error challenges the jury findings regarding appellant's contributory negligence. In points of error seven through twelve, appellant complains of the jury findings that his failure to keep a proper lookout was a proximate cause of the occurrence. The assignments of error assert "no evidence," "insufficient evidence" and "great weight and preponderance of the evidence" points.

The accident in question occurred on the premises of La Posada Motor Hotel in Laredo, Texas, on August 18, 1975. Appellant was visiting the premises owned by appellee and entered the hotel through the main lobby. He traversed through the patio area, with intentions of going to the U.S. Custom House Office to conduct business. As appellant stepped on a red concrete sidewalk at the southeast corner of the patio, he slipped and fell, sustaining injuries to his left hip.

■ The Supreme Court recently restated the standard for review of a "no evidence" point, in *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex.1980). "In deciding [a] 'no evidence' point, we must view the evidence in the light most favorable to the verdict and consider only the evidence and inferences that support the verdict." In determining "sufficiency of the evidence" or "great weight and preponderance" points, however, we must consider and weigh all of the evidence in the case and set aside the verdict and remand for a new trial if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). *See also* Calvert, *No Evidence and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

■ We have considered appellant's first six points of error, and after having reviewed the entire record, we conclude that there was sufficient evidence to support the jury's findings that appellant was negligent in failing to keep a proper lookout. Ildelfonso Ruiz, an employee at the hotel, testified he was working in the area of the swimming pool and saw appellant coming from the direction of the hotel lobby, walking toward him with some paperwork in his hands. Ruiz further testified as follows:

A: After we saw each other, he kept on walking to where ever he was going, and I moved that way about one meter.

Q: About how close did he come to you?

A: We almost bumped into each other.

\* \* \* \* \* \*

Q: Did Mr. Friedan lift his eyes up to you at that point?

A: When we were very close, yes.

Q: Where did Mr. Friedan have his eyes beforehand?

A: I was looking at him all the time until he was close to me, and it seemed like he had his eyes on the paperwork that he had on [sic] his hands.

The jury also found that appellee did not allow water to collect and remain on the premises at the time in question. This jury finding was again supported by sufficient evidence, including the testimony of Ruiz, the gardener, who testified that they had completed the daily cleaning and that the area was dry at the time of the accident in question. Another witness who arrived later, testified he saw water in the area. In reviewing the entire record, we have considered the evidence against and in support of the jury findings, and in our opinion there was sufficient direct and circumstantial evidence to support the jury findings that appellant failed to keep a proper lookout. Points of error one through six are overruled.

■ We now address points of error seven through twelve and determine whether appellant's failure to keep a proper lookout was the proximate cause of his injuries. Our review is restricted to the "no evidence," "insufficient evidence" and "great weight and preponderance of the evidence," questions concerning the specified jury findings and the denial of the motion for a new trial. A court of appeals cannot substitute its judgment for that of the trier of fact, even though after reviewing the evidence it may have reached a different conclusion from that of the jury. *Johnson v. Buck,* 540 S.W.2d 393, 411 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In the instant case, the credibility of the witnesses, the weight to be given their testimony, appellant's own version of the facts, and the disputed evidence, were all resolved by the jury, the trier of fact. The accident in question occurred immediately after appellant's abrupt confrontation or bumping into the gardener, Idelfonso Ruiz. The competent evidence before the jury established that appellant was preoccupied with the paperwork in his hands. Appellant's testimony to the contrary was a question of fact

which the jury, in the exercise of its prerogative, chose not to believe. The Supreme Court in *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962), held that the testimony of a party to a suit raises an issue of fact.

■ The jury found that appellant was negligent in failing to keep a proper lookout and that appellee did not allow water to collect and remain on its premises. Consequently, the only reasonable inference to be drawn is that appellant's failure to keep a proper lookout was the proximate cause of the occurrence causing his injuries. Proximate cause is a question of fact except where the circumstances are such that reasonable minds could not arrive at a different conclusion, it becomes a question of law. *See Missouri Pacific Railroad Co. v. American Statesman,* 552 S.W.2d 99, 104–05 (Tex. 1977). *See also Farley v. MM Cattle Co.,* 529 S.W.2d 751, 755–56 (Tex.1975). Additionally, the essential elements of proximate cause may be established by direct or circumstantial evidence. *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 903 (Tex.1980). Having reviewed the entire record, we find that the jury's answers to the jury findings complained of were not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. There was sufficient evidence, direct or circumstantial, to support the jury findings that appellant's failure to keep a proper lookout was the proximate cause of the occurrence causing his injuries and that such conduct constituted sixty percent (60%) of the negligence proximately causing the occurrence. Since there was sufficient evidence to support the jury's findings, the trial court properly denied appellant's motion for new trial. Points of error seven through twelve are overruled.

■ Supplemental point of error number one contends that the evidence conclusively proves as a matter of law that appellee allowed water to collect and remain on its premises. The specific challenge is to special issue number one, where the jury found that appellee *did not* allow water to collect on its premises. In deciding appellant's "conclusive" contentions, we must re-

view the whole record to ascertain if the probative evidence establishes as a matter of law the asserted proposition. In this connection, the probative evidence must be sufficient to convince reasonable minds that there is no material fact issue concerning the asserted propositions. Conversely, each asserted proposition is for the fact-finder when the probative evidence falls short of these legal standards or when there is any probative evidence contrary to appellant's contentions. *See Shop Rite Foods, Inc. v. Upjohn Co.,* 619 S.W.2d 574, 577–78 (Tex. Civ.App.—Amarillo 1981, writ ref'd n.r.e.). In reviewing the whole record we find that there is probative evidence in support of and contrary to special issue number one. We therefore conclude that appellant did not conclusively establish, as a matter of law, that appellee allowed water to collect and remain on its premises at the time in question. Supplemental point of error number one is overruled.

Supplemental point of error number two asserts that the jury finding as to special issue number one was against the great weight and preponderance of the evidence. In deciding this point of error, we must consider all of the evidence in support of and contrary to the challenged finding to ascertain if such finding is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *In re King's Estate, supra.* Having done so, we conclude that the jury's answer to special issue number one is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Accordingly, supplement point of error number two is overruled.

Having sustained the jury's findings on the issues of negligence and proximate cause, we find that appellant is barred from recovery since the jury found appellant to be 60% negligent and appellee 40% negligent. *See Velasquez v. Levingston,* 598 S.W.2d 346, 349 (Tex.Civ.App.—Corpus Christi 1980, no writ); Tex.Rev.Civ.Stat. Ann. art. 2212a (Vernon Supp.1982–1983).

Because of our disposition of the appellant's contentions, we find it unnecessary to address appellee's cross-points.

Accordingly, the trial court's take nothing judgment against appellant is affirmed.