Georgia DUNCAN, Appellant,

v.

Ray Anthony BANKS, Appellee.

No. 01–85–0523–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 23, 1986.

Rehearing Denied Feb. 20, 1986.

Russell H. McMains, Anthony F. Constant, Edwards, McMains & Constant, Corpus Christi, for appellant.

Larry D. Thompson, Jan Ferguson, Lorance & Thompson, Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing judgment against the appellant in her suit for the injuries she sustained in an automobile collision with the appellee. In answer to special issues, the jury found that the negligence of both parties caused the accident and that the percentage by which each party's negligence caused the collision was 75 percent for the appellant and 25 percent for the appellee. The jury found no damages for the appellant.

In the first point of error, the appellant contends that the court erred in entering a take-nothing judgment based on the jury's finding that her own negligence was 75 percent the cause of the accident. In her second point of error, she alleges that the jury's finding of no damages was against the great weight and preponderance of the evidence in view of the appellee's stipulation that she required medical treatment costing $300,000 for the injuries caused by the collision.

The appellant contends that former article 2212a, Tex.Rev.Civ.Stat.Ann. (repealed effective Sept. 1, 1985—now sec. 33.001 of the new Texas Civil Practice & Remedies Code), did not create any kind of contributory negligence bar, but rather sought to ameliorate the old common law rule that contributory negligence prevented recovery. The statute provided, in pertinent part:

> Contributory negligence shall not bar recovery in an action by any person ... to recover damages for negligence resulting in death or injury to persons or property *if such negligence is not greater than the negligence of the person ... against whom recovery is sought,* but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person ... recovering.

Ch. 28, secs. 1, 2, 1973 Tex.Gen.Laws 41, *repealed by* ch. 959, sec. 9(1), 1985 Tex. Gen.Laws 7043, 7218 (emphasis added).

The appellant argues that the wording of the statute should be construed in light of the legislative purpose to mitigate the harsh common law rule barring recovery by a plaintiff who was also negligent. She argues that the language "shall *not* bar recovery ... if" should not be equated with the possible wording of *"shall* bar recovery ... unless" because the statute was meant to change the common law rule, not merely continue it subject to certain exceptions.

Although we recognize the policy reasons that underlie the appellant's interpretation of the statute, we find that her construction of article 2212a ignores the condition clearly set out in the text (emphasized in our preceding quotation from the statute) and fails to explain how to avoid the condition's consequences. We find that under a plain reading of article 2212a, a plaintiff whose proportion of causal negligence exceeds that of the other party may not recover for negligence.

The appellant also contends that *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984), entirely eliminated contributory negligence as a bar to recovery in Texas. However, *Duncan v. Cessna* was a strict products liability case, in which the Texas Supreme Court adopted a pure comparative causation system for *products liability cases,* but did not change the law controlling comparative negligence in non-products liability cases.

Throughout that opinion, the court refers to the Texas comparative negligence statute, article 2212a, as a modified comparative apportionment system that applied to cases in which only negligence was alleged. "Under a modified system, as exemplified by article 2212a, a claimant's recovery is entirely barred if his share of causation is found to be greater than the total causation attributed to the defendants." 665 S.W.2d at 428. The courts of appeals have followed the 51 percent bar rule. *See, e.g., Dawson v. Garcia,* 666 S.W.2d 254 (Tex. App.—Dallas 1984, no writ); *Friedan v. Pan Tex Hotel Corp.,* 653 S.W.2d 365 (Tex. App.—San Antonio 1983, no writ).

Here, the jury found that the appellant's negligence was 75 percent the cause of the collision, clearly exceeding the appellee's 25 percent cause. Thus, under the applicable statute, the appellant was barred from recovery. Because the percentage finding of the appellant's contributory negligence barred recovery in this case, the jury's finding of no damages, if error, was harmless.

The appellant's points of error are overruled. The judgment of the trial court is affirmed.