OPINION HEADING PER CUR 









                NO. 12-04-00362-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

MORGAN
MOORE,                         §          APPEAL FROM THE 294TH

APPELLANT

 

V.                                                        §          JUDICIAL DISTRICT COURT OF

 

DAVID
KITSMILLER D/B/A

K&K
PROPERTIES,                                    §          VAN
ZANDT COUNTY, TEXAS

APPELLEE




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION

            Morgan Moore appeals a jury finding that he was 49%
negligent in causing his injuries following a fall in the back yard of the
house that he leased from David Kitsmiller. 
In three issues, Moore contends that the trial court erred in entering a
modified final judgment, in submitting questions on his negligence to the jury,
and in entering a judgment based on the jury’s finding that he was contributorily
negligent.  We affirm.

 

Background

            In the spring of 2001, Kitsmiller purchased a house at
1801 FM 279, Ben Wheeler, in Van Zandt County to use as rental property.  In mid-June, he hired B & H Shaw Company,
Inc. (“B & H”) to install a replacement septic tank in the back yard. The
septic tank was located about two or three feet from a concrete stoop at the
back door of the garage.  B & H
mounded dirt over the septic tank and the lateral lines going out from it upon
completion.  Sometime after B & H
installed the septic tank, Kitsmiller smoothed out the mounds of dirt over the
septic tank and lateral lines, using the box blade on his tractor.  Kitsmiller then leased the property to Moore
and his wife on July 27.  Kitsmiller
testified that he viewed the back yard about a week or ten days prior to
leasing the property to the Moores and stated that the dirt around the septic
system looked firm.








 

            On August 7, the Moores moved in.  On August 11, Moore and his wife ventured
into the back yard for the first time, carrying some trash bags to a
barrel.  Moore testified that his wife
led the way and he followed her about a foot and a half behind.  Moore testified that at the time, his right
arm was in a sling and a bag of trash was in his left hand.  He stated that as he stepped off the stoop,
he was unable to see the ground and could only see his wife and the bag of
trash in his left arm.  His wife
testified that the ground looked flat as she walked toward the barrel.  Moore testified that he had only taken a few
steps off the stoop when his left leg sank into a hole, causing him to fall
forward into his wife.  As he tried to
steady himself with his right foot, it hung and then sank, causing him to fall
backward on his head and back.  Moore
testified that the injury to his back required surgery and affected his ability
to earn a living.  

            Moore filed suit against Kitsmiller and B & H.  He sought damages for past and future pain
and suffering, past and future mental anguish, past and future physical
impairment, and past and future loss of earning capacity.  In their answers to Moore’s suit, both
Kitsmiller and B & H pleaded the affirmative defense of contributory
negligence.  See Tex. R. Civ. P. 94.  B & H specifically pleaded that Moore was
negligent for not having kept a proper lookout when stepping into the back yard
and looking for obstructions, such as erosion or soft soil.  

            During the jury trial, Moore testified Kitsmiller should
have notified him where the septic tank and lateral lines were located and that
the dirt should have remained mounded over the tank and lines.  On August 13, Moore asked Ken Martin to
inspect the site of the fall (the “occurrence”). Martin is an on-site septic
tank complaint investigator for both the Texas Commission on Environmental
Quality and Van Zandt County.  Martin
testified that dirt should have been mounded over the septic tank and lateral
lines, so that when the dirt settled, there would be no holes in the ground
around the septic tank or lateral lines. However, there was no dirt mounded
over the septic tank or lines when he inspected the site.  Martin’s photographs of the site also
indicated that there were no mounds of dirt over the septic tank.  Further, the photographs showed sunken ground
around the septic tank, including, but not limited to, the area where Moore
fell.  Martin testified that it was
common for sinkholes to develop around a septic tank.  He also testified that he had observed
situations where dirt around a septic tank or lateral line looked to be solid,
but sank when a person stepped on it. 
Martin testified that the photographs showed an obvious depression
around the septic tank.  Bill Shaw,
president of B & H, testified that Moore should have been watching where he
was going as he stepped into the back yard. 
Shaw stated that Martin’s photographs indicated to him that the
depressions in the ground around the septic tank were visible at the time of
the occurrence.

            The first question for the jury was whose negligence
caused the occurrence.  The jury
responded that both Kitsmiller and Moore were negligent, but B & H was
not.  In the second question, the jury
determined that Kitsmiller was 51% negligent and Moore was 49% negligent.  In the third question, the jury determined
that Moore was entitled to $210,000.00 in damages.  On September 29, 2004,  the trial court entered a judgment in favor
of Moore and against Kitsmiller in the amount of $210,000.00 plus interest and
costs.  

            On October 14, 2004, Kitsmiller asked that the trial
court modify the judgment to $107,100.00 based upon Moore’s contributory
negligence.  The trial court entered a
modified final judgment on November 1, 2004 awarding Moore $107,100.00 plus
interest and costs.  On November 23,
2004, a partial satisfaction and release of judgment filed with the court
showed that Kitsmiller had paid the amount awarded in the modified judgment to
Moore.  However, Moore reserved the right
to appeal all issues involving his contributory negligence to this court.  Moore then timely filed his notice of
appeal.  

 

Jurisdiction to Enter Modified Judgment

            In his first issue, Moore contends that the jurisdiction
of the trial court ended before it entered the modified final judgment on
November 1, 2004.  Moore contends that
the September 29  judgment became final
on October 30 and that the trial court had no jurisdiction to modify the final
judgment.  We disagree.  The record before us shows that Kitsmiller
filed a pleading in which he asked the court to modify the final judgment to
reflect the jury’s finding that Moore was 49% negligent.  A timely filed postjudgment motion that seeks
a substantive change in an existing judgment qualifies as a motion to modify
under Rule 329b(g), thus extending the trial court’s plenary jurisdiction and
the appellate time table.  Lane
Bank Equip. Co. v. Smith Southern Equip., Inc., 10 S.W.3d 308, 314
(Tex. 2000); see also Tex. R.
Civ. P. 329b(c), (g).  We conclude
that the trial court had jurisdiction to sign the modified final judgment on
November 1, 2004.  Accordingly, Moore’s
first issue is overruled.

 

Sufficiency of the Evidence

            In his third issue, Moore contends the evidence is
legally insufficient to support the judgment. 
Moore argues that his wife and Kitsmiller testified that the back yard
was flat at the time of the occurrence. 
He contends that no one could have anticipated any danger from walking
into the yard.  Therefore, Moore argues
that there is no evidence in the record to support the jury’s determination
that he was contributorily negligent. 

Applicable Law

            Contributory negligence contemplates an injured person’s
failure to use ordinary care  regarding
his or her own safety.  Kroger Co.
v. Keng, 23 S.W.3d 347, 351 (Tex. 2000).  This affirmative defense requires proof that
the plaintiff was negligent and that the plaintiff’s negligence proximately
caused his or her injuries.  Id.  Negligence requires proof of proximate
cause.  Prudential Ins. Co. v.
Jefferson Assocs., 896 S.W.2d 156, 160-61 (Tex. 1995).  Proximate cause requires proof of both cause
in fact and foreseeability.  See City
of Gladewater v. Pike, 727 S.W.2d 514, 517 (Tex. 1987).  The test for cause in fact is whether the
negligent act or omission was a substantial factor in bringing about an injury
without which the harm would not have occurred. 
 Doe v. Boys Clubs of
Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  Foreseeability requires that a person of
ordinary intelligence should have anticipated the danger created by a negligent
act or omission.  Id. at
478.

            Because comparative responsibility involves measuring the
party’s comparative fault in causing the plaintiff’s injuries, it necessitates
a preliminary finding that the plaintiff was in fact contributorily
negligent.  Kroger Co., 23
S.W.3d at 351.  The standards and tests
for determining contributory negligence ordinarily are the same as those for
determining negligence, and the rules of law applicable to the former are
applicable to the latter.  Carney
v. Roberts Inv. Co., Inc., 837 S.W.2d 206, 208 (Tex. App.–Tyler 1992,
writ denied).  The burden of proof on the
whole case is on the plaintiff.  Id.  However, on special issues tendered by the
defendant presenting an affirmative defense such as contributory negligence,
the burden of proof is on the defendant to prove the defense by a preponderance
of the evidence.  Id.

            When attacking the legal sufficiency of an adverse
finding on an issue on which the party did not have the burden of proof, that
party must demonstrate there is no evidence to support the adverse
finding.  See Croucher v. Croucher,
660 S.W.2d 55, 58 (Tex. 1983).  To
evaluate the legal sufficiency of the evidence to support a finding, we must
determine whether the proffered evidence as a whole rises to a level that would
enable reasonable and fair minded people to differ in their conclusions.  St. Joseph Hosp. v. Wolff, 94
S.W.3d 513, 519 (Tex. 2002).  We sustain
a no evidence issue only if there is no more than a scintilla of evidence
proving the elements of the claim.  Id.
at 520.  In making this determination, we
must view the evidence in the light most favorable to the verdict, crediting
favorable evidence if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not. 
City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex.
2005).  The trier of fact may draw
reasonable and logical inferences from the evidence.  Hammerly Oakes, Inc. v. Edwards,
958 S.W.2d 387, 392 (Tex. 1997).  It is
within the province of the jury to draw one reasonable inference from the
evidence although another inference could have been made.  See City of Keller, 168 S.W.3d
at 821.  

Discussion

            Moore testified that when he stepped off the stoop into
the back yard for the first time on August 11, 2001, he could only see his wife
and the plastic bag of trash he was carrying in his left hand.  The jury was allowed to draw an inference
from this evidence that Moore was not watching where he was walking.  An individual must keep a proper lookout
where he is walking, and a jury is allowed to make a reasonable inference that
failure to do so was the proximate cause of his injuries.  See Friedan v. Pan Tex Hotel Corp.,
653 S.W.2d 365, 367 (Tex. App.–San Antonio 1983, no writ).  It was reasonable for the jury to make an
inference from Moore’s testimony that his failure to keep a proper lookout
where he was walking contributed to the occurrence.

            Moore contends that the only reasonable inference the
jury could have made was that, even if he had been watching where he was
walking, he would not have been able to avoid stepping in the holes because
they were not visible to the naked eye. 
The jury could have made that inference, but chose not to do so.  Shaw’s testimony that Martin’s photographs showed
the depressions could have been present at the time of the occurrence could
have led the jury to believe that Moore’s contention was not a reasonable
inference.  We conclude that the jury
made a reasonable inference from the evidence in finding Moore contributorily
negligent.

            As part of his third issue, Moore contends that there was
insufficient evidence to support the jury’s determination that he was 49%
negligent.  Kitsmiller responds that
Moore failed to preserve the issue of factual insufficiency because he failed
to file a motion for new trial complaining that the jury’s finding was against
the overwhelming weight of the evidence. 
See Tex. R. Civ. P.
324(b)(3).  We agree.  An appellate court has no jurisdiction to
consider factual insufficiency issues when a motion for new trial is not filed
with the trial court to preserve that issue. 
See Darryl v. Ford Motor Company, 440 S.W.2d 630, 633
(Tex. 1969).  Because we hold that the
evidence is legally sufficient to support the judgment and Moore failed to
preserve his factual sufficiency complaint, Moore’s third issue is overruled.

 

Jury Questions on Contributory Negligence

            In his second issue, Moore contends that the trial court
erred in submitting questions to the jury regarding his contributory negligence
because there was no evidence to support these submissions.  

Applicable Law

            We review a trial court’s submission of questions or
instructions to the jury utilizing an abuse of discretion standard. See Tex. R. Civ. P. 277; Texas Dep’t
of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990).  The trial court has broad discretion in
submitting questions to the jury, 
subject only to the requirement that the questions submitted must (1)
control the disposition of the case; (2) be raised by the pleadings and the
evidence; and (3) properly submit the disputed issues for the jury’s
determination.  See Tex. R. Civ. P. 277, 278; Pitts
v. Sabine River Auth., 107 S.W.3d 811, 820 (Tex. App.–Texarkana 2003,
pet. denied).   

Discussion

            Both Kitsmiller and B & H pleaded contributory
negligence as an affirmative defense. 
Moore testified that he was not able to see the ground where he was
walking when the occurrence took place. 
Shaw testified that if Moore had been watching where he was going, he
would have been able to avoid the holes that caused the occurrence.  As shown above, this testimony was legally
sufficient  to establish Moore’s
contributory negligence.  We conclude
that the trial court properly submitted questions regarding Moore’s
contributory negligence to the jury. 
Accordingly, Moore’s second issue is overruled.

Conclusion

            Having overruled all Moore’s issues, the judgment of the
trial court is affirmed.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)