Morgan MOORE, Appellant,

v.

David KITSMILLER d/b/a K & K Properties, Appellee.

No. 12–04–00362–CV.

Court of Appeals of Texas, Tyler.

March 31, 2006.

Rehearing Overruled May 19, 2006.

Bill Rosenstein, Tyler, for Appellant.

Michael E. Starr, Starr & Starr, PC, Tyler, Richard L. Ray, Ray & Elliott, PC, Canton, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

### OPINION

JAMES T. WORTHEN, Chief Justice.

Morgan Moore appeals a jury finding that he was 49% negligent in causing his injuries following a fall in the back yard of the house that he leased from David Kitsmiller. In three issues, Moore contends that the trial court erred in entering a modified final judgment, in submitting questions on his negligence to the jury, and in entering a judgment based on the jury's finding that he was contributorily negligent. We affirm.

### BACKGROUND

In the spring of 2001, Kitsmiller purchased a house at 1801 FM 279, Ben Wheeler, in Van Zandt County to use as rental property. In mid-June, he hired B & H Shaw Company, Inc. ("B & H") to install a replacement septic tank in the back yard. The septic tank was located about two or three feet from a concrete stoop at the back door of the garage. B & H mounded dirt over the septic tank and the lateral lines going out from it upon completion. Sometime after B & H installed the septic tank, Kitsmiller smoothed out the mounds of dirt over the septic tank and lateral lines, using the box blade on his tractor. Kitsmiller then leased the property to Moore and his wife on July 27. Kitsmiller testified that he viewed the back yard about a week or ten days prior to leasing the property to the Moores and stated that the dirt around the septic system looked firm.

On August 7, the Moores moved in. On August 11, Moore and his wife ventured into the back yard for the first time, carrying some trash bags to a barrel. Moore testified that his wife led the way and he followed her about a foot and a half behind. Moore testified that at the time, his right arm was in a sling and a bag of trash was in his left hand. He stated that as he stepped off the stoop, he was unable to see the ground and could only see his wife and the bag of trash in his left arm. His wife testified that the ground looked flat as she walked toward the barrel. Moore testified

that he had only taken a few steps off the stoop when his left leg sank into a hole, causing him to fall forward into his wife. As he tried to steady himself with his right foot, it hung and then sank, causing him to fall backward on his head and back. Moore testified that the injury to his back required surgery and affected his ability to earn a living.

Moore filed suit against Kitsmiller and B & H. He sought damages for past and future pain and suffering, past and future mental anguish, past and future physical impairment, and past and future loss of earning capacity. In their answers to Moore's suit, both Kitsmiller and B & H pleaded the affirmative defense of contributory negligence. *See* Tex.R. Civ. P. 94. B & H specifically pleaded that Moore was negligent for not having kept a proper lookout when stepping into the back yard and looking for obstructions, such as erosion or soft soil.

During the jury trial, Moore testified Kitsmiller should have notified him where the septic tank and lateral lines were located and that the dirt should have remained mounded over the tank and lines. On August 13, Moore asked Ken Martin to inspect the site of the fall (the "occurrence"). Martin is an on-site septic tank complaint investigator for both the Texas Commission on Environmental Quality and Van Zandt County. Martin testified that dirt should have been mounded over the septic tank and lateral lines, so that when the dirt settled, there would be no holes in the ground around the septic tank or lateral lines. However, there was no dirt mounded over the septic tank or lines when he inspected the site. Martin's photographs of the site also indicated that there were no mounds of dirt over the septic tank. Further, the photographs showed sunken ground around the septic tank, including, but not limited to, the area

where Moore fell. Martin testified that it was common for sinkholes to develop around a septic tank. He also testified that he had observed situations where dirt around a septic tank or lateral line looked to be solid, but sank when a person stepped on it. Martin testified that the photographs showed an obvious depression around the septic tank. Bill Shaw, president of B & H, testified that Moore should have been watching where he was going as he stepped into the back yard. Shaw stated that Martin's photographs indicated to him that the depressions in the ground around the septic tank were visible at the time of the occurrence.

The first question for the jury was whose negligence caused the occurrence. The jury responded that both Kitsmiller and Moore were negligent, but B & H was not. In the second question, the jury determined that Kitsmiller was 51% negligent and Moore was 49% negligent. In the third question, the jury determined that Moore was entitled to $210,000.00 in damages. On September 29, 2004, the trial court entered a judgment in favor of Moore and against Kitsmiller in the amount of $210,000.00 plus interest and costs.

On October 14, 2004, Kitsmiller asked that the trial court modify the judgment to $107,100.00 based upon Moore's contributory negligence. The trial court entered a modified final judgment on November 1, 2004 awarding Moore $107,100.00 plus interest and costs. On November 23, 2004, a partial satisfaction and release of judgment filed with the court showed that Kitsmiller had paid the amount awarded in the modified judgment to Moore. However, Moore reserved the right to appeal all issues involving his contributory negligence to this court. Moore then timely filed his notice of appeal.

## JURISDICTION TO ENTER MODIFIED JUDGMENT

In his first issue, Moore contends that the jurisdiction of the trial court ended before it entered the modified final judgment on November 1, 2004. Moore contends that the September 29 judgment became final on October 30 and that the trial court had no jurisdiction to modify the final judgment. We disagree. The record before us shows that Kitsmiller filed a pleading in which he asked the court to modify the final judgment to reflect the jury's finding that Moore was 49% negligent. A timely filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate time table. *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,* 10 S.W.3d 308, 314 (Tex. 2000); *see also* TEX.R. CIV. P. 329b(c), (g). We conclude that the trial court had jurisdiction to sign the modified final judgment on November 1, 2004. Accordingly, Moore's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his third issue, Moore contends the evidence is legally insufficient to support the judgment. Moore argues that his wife and Kitsmiller testified that the back yard was flat at the time of the occurrence. He contends that no one could have anticipated any danger from walking into the yard. Therefore, Moore argues that there is no evidence in the record to support the jury's determination that he was contributorily negligent.

### Applicable Law

Contributory negligence contemplates an injured person's failure to use ordinary care regarding his or her own safety. *Kroger Co. v. Keng,* 23 S.W.3d 347, 351 (Tex.2000). This affirmative defense requires proof that the plaintiff was negligent and that the plaintiff's negligence proximately caused his or her injuries. *Id.* Negligence requires proof of proximate cause. *Prudential Ins. Co. v. Jefferson Assocs.,* 896 S.W.2d 156, 160–61 (Tex.1995). Proximate cause requires proof of both cause in fact and foreseeability. *See City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex.1987). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about an injury without which the harm would not have occurred. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Id.* at 478.

Because comparative responsibility involves measuring the party's comparative fault in causing the plaintiff's injuries, it necessitates a preliminary finding that the plaintiff was in fact contributorily negligent. *Kroger Co.,* 23 S.W.3d at 351. The standards and tests for determining contributory negligence ordinarily are the same as those for determining negligence, and the rules of law applicable to the former are applicable to the latter. *Carney v. Roberts Inv. Co., Inc.,* 837 S.W.2d 206, 208 (Tex.App.-Tyler 1992, writ denied). The burden of proof on the whole case is on the plaintiff. *Id.* However, on special issues tendered by the defendant presenting an affirmative defense such as contributory negligence, the burden of proof is on the defendant to prove the defense by a preponderance of the evidence. *Id.*

When attacking the legal sufficiency of an adverse finding on an issue on which the party did not have the burden of proof, that party must demonstrate there is no evidence to support the adverse finding. *See Croucher v. Croucher,* 660 S.W.2d 55,

58 (Tex.1983). To evaluate the legal sufficiency of the evidence to support a finding, we must determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair minded people to differ in their conclusions. *St. Joseph Hosp. v. Wolff,* 94 S.W.3d 513, 519 (Tex.2002). We sustain a no evidence issue only if there is no more than a scintilla of evidence proving the elements of the claim. *Id.* at 520. In making this determination, we must view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex.2005). The trier of fact may draw reasonable and logical inferences from the evidence. *Hammerly Oaks, Inc. v. Edwards,* 958 S.W.2d 387, 392 (Tex.1997). It is within the province of the jury to draw one reasonable inference from the evidence although another inference could have been made. *See City of Keller,* 168 S.W.3d at 821.

### Discussion

■ Moore testified that when he stepped off the stoop into the back yard for the first time on August 11, 2001, he could only see his wife and the plastic bag of trash he was carrying in his left hand. The jury was allowed to draw an inference from this evidence that Moore was not watching where he was walking. An individual must keep a proper lookout where he is walking, and a jury is allowed to make a reasonable inference that failure to do so was the proximate cause of his injuries. *See Friedan v. Pan Tex Hotel Corp.,* 653 S.W.2d 365, 367 (Tex.App.-San Antonio 1983, no writ). It was reasonable for the jury to make an inference from Moore's testimony that his failure to keep a proper lookout where he was walking contributed to the occurrence.

Moore contends that the only reasonable inference the jury could have made was that, even if he had been watching where he was walking, he would not have been able to avoid stepping in the holes because they were not visible to the naked eye. The jury could have made that inference, but chose not to do so. Shaw's testimony that Martin's photographs showed the depressions could have been present at the time of the occurrence could have led the jury to believe that Moore's contention was not a reasonable inference. We conclude that the jury made a reasonable inference from the evidence in finding Moore contributorily negligent.

■ As part of his third issue, Moore contends that there was insufficient evidence to support the jury's determination that he was 49% negligent. Kitsmiller responds that Moore failed to preserve the issue of factual insufficiency because he failed to file a motion for new trial complaining that the jury's finding was against the overwhelming weight of the evidence. *See* TEX.R. CIV. P. 324(b)(3). We agree. An appellate court has no jurisdiction to consider factual insufficiency issues when a motion for new trial is not filed with the trial court to preserve that issue. *See Darryl v. Ford Motor Company,* 440 S.W.2d 630, 633 (Tex.1969). Because we hold that the evidence is legally sufficient to support the judgment and Moore failed to preserve his factual sufficiency complaint, Moore's third issue is overruled.

### JURY QUESTIONS ON CONTRIBUTORY NEGLIGENCE

In his second issue, Moore contends that the trial court erred in submitting questions to the jury regarding his contributory negligence because there was no evidence to support these submissions.

153

*Applicable Law*

 We review a trial court's submission of questions or instructions to the jury utilizing an abuse of discretion standard. *See* Tex.R. Civ. P. 277; *Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The trial court has broad discretion in submitting questions to the jury, subject only to the requirement that the questions submitted must (1) control the disposition of the case; (2) be raised by the pleadings and the evidence; and (3) properly submit the disputed issues for the jury's determination. *See* Tex.R. Civ. P. 277, 278; *Pitts v. Sabine River Auth.*, 107 S.W.3d 811, 820 (Tex.App.-Texarkana 2003, pet. denied).

*Discussion*

 Both Kitsmiller and B & H pleaded contributory negligence as an affirmative defense. Moore testified that he was not able to see the ground where he was walking when the occurrence took place. Shaw testified that if Moore had been watching where he was going, he would have been able to avoid the holes that caused the occurrence. As shown above, this testimony was legally sufficient to establish Moore's contributory negligence. We conclude that the trial court properly submitted questions regarding Moore's contributory negligence to the jury. Accordingly, Moore's second issue is overruled.

CONCLUSION

Having overruled all Moore's issues, the judgment of the trial court is *affirmed.*