# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00472-CV

City of Austin, Appellant

v.

Ronnie Esparza, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-05-000132, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this workers' compensation case, appellee Ronnie Esparza seeks workers' compensation benefits for an injury that he allegedly sustained while employed with appellant the City of Austin. After the Texas Workers' Compensation Commission denied his claim, Esparza appealed the determination in district court.[1] *See* Tex. Lab. Code Ann. §§ 410.251, 410.301–.308 (West 2006 & Supp. 2011). A jury found in favor of Esparza, and the trial court rendered judgment on the jury's verdict, reversing and remanding the case to the Commission for further proceedings.

---

[1] After Esparza filed this suit, the legislature replaced the Texas Workers' Compensation Commission with the Division of Workers' Compensation within the Texas Department of Insurance. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607. For purposes of this appeal, we refer to the agency administering workers' compensation as the Commission.

In two issues, the City appeals the trial court's judgment. The City challenges the trial court's jurisdiction to allow the jury to determine the time period of Esparza's disability. The City also challenges the legal and factual sufficiency of the evidence to support the jury's finding that Esparza had a disability as a result of his injury. For the reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

Esparza worked as a forestry technician for the City beginning in 1982. After he allegedly was injured at work on June 10, 2003, Esparza sought workers' compensation benefits.[2] He claimed that, on that day, he was cutting some vegetation with a chainsaw when he felt pain "all the way up to my shoulder[s]." He also claimed that the repetitive nature of his job duties, including long term chainsaw usage for over twenty years, caused him to suffer bilateral arm and hand pain and numbness. Esparza filled out an injury report and was examined by a doctor the following day. The doctor reported to the City that Esparza "cannot return to any type work" (emphasis in original) and left the date open as to when Esparza would be able to return. Esparza was cleared to return to work with restrictions approximately two weeks later. One restriction imposed by the doctor prohibited Esparza from carrying objects that were more than five pounds "to prevent further aggravation of wk [sic] related injury." Esparza returned to light-duty work with the City, receiving full wages through July 18, 2003. After that date, the City, which opposed Esparza's claim for workers' compensation benefits, no longer offered him light-duty work.

---

[2] On appeal, the City does not challenge the jury's finding that Esparza was injured at work on June 10, 2003.

Although he remained employed with the City after July 18, 2003, Esparza did not receive wages from the City. Esparza continued to receive medical treatment and took personal leave without pay and unpaid leave under the Family and Medical Leave Act (FMLA). *See* 29 U.S.C.A. §§ 2601–2654 (West 2009 & Supp. 2011) (allowing up to twelve weeks of unpaid leave for health problems). On February 5, 2004, Esparza's treating physician recommended that he "return back to work, to his old job preferably." The City, however, did not allow him to return to work but rather terminated his employment on March 3, 2004.

Esparza appealed the denial of his workers' compensation claim to the Commission. A contested case hearing before a hearing officer for the Commission was held in September 2004. *See* Tex. Lab. Code Ann. § 410.151 (West 2006) (authorizing contested case hearing). In the hearing officer's decision and order, she stated the issues addressed at the hearing as follows:

1. Did [Esparza] sustain a compensable injury with a date of injury of June 10, 2003?

2. Did [Esparza] have disability as a result of the claimed injury, and if so, for what period?

The hearing officer recited the parties' stipulation that Esparza was an employee of the City on June 10, 2003, and stated that Esparza "asserted disability from June 11, 2003, through February 5, 2004." At the time of the hearing, Esparza remained unemployed.

In her decision and order, the hearing officer made findings of fact, including the following:

3

5.  The claimant did not sustain an injury as a result of work activities performed in the course and scope of employment on June 10, 2003 or over a period of time.

6.  The claimed injury of June 10, 2003 did not cause the claimant to be unable to obtain and retain employment at wages equivalent to his pre-injury wage from June 11, 2003 through September 21, 2004, the date of the contested case hearing.

Based upon her findings of fact, the hearing officer concluded that Esparza "did not sustain a compensable injury with a date of injury of June 10, 2003" and that he "did not have disability."

Esparza appealed the hearing officer's decision to an appeals panel within the Commission. *See id*. § 410.202 (West 2006) (authorizing appeal of hearing officer's decision to appeals panel). The appeals panel did not issue its own decision, and the hearing officer's determination became the final decision of the Commission. *See id*. § 410.204(c) (West Supp. 2011). Esparza then brought this suit for judicial review in January 2005. *See id*. § 410.251 (West 2006).

Esparza's case was tried to a jury in January 2010. The witnesses included Esparza, his supervisor, and a doctor who was an occupational medicine expert. The doctor opined that Esparza "suffered an occupational injury" and that the injury was "hand-arm vibration syndrome." The doctor also testified about Esparza's diagnosis and treatment for the injury. Esparza, who was 48 years old at the time of trial, testified about his employment history, his injury, his medical treatment for the injury, and the effect that the injury had on his ability to work. As to his employment history, he testified that he worked on fields for the City from 1979 to 1982 and then became a forestry technician for the City in 1982. He testified that: (i) he was making $12.68 per

4

hour on June 10, 2003, the date of his injury, (ii) the City offered him light duty until July 18, 2003, (iii) he took unpaid leave after the City stopped offering him light duty, (iv) his employment with the City was terminated in March 2004, (v) he began looking for another job in July 2004, and (vi) he was unable to obtain employment until January 2005.

Esparza's supervisor on the day of his injury testified on behalf of the City. It was the City's position that Esparza filled out the injury report only after learning that his job was threatened because of issues concerning his commercial driver's license. The supervisor testified that he informed Esparza about the problem with his license early in the morning on June 10, 2003, and that a few hours later Esparza reported that he was injured. The supervisor also provided testimony as to the amount and extent of Esparza's chainsaw usage. The supervisor's testimony contradicted Esparza's testimony as to the circumstances surrounding the driver's license issue and as to the amount of Esparza's chainsaw usage, but the supervisor agreed that using a chainsaw was physically demanding work and that Esparza used the chainsaw frequently as part of his job duties. Esparza's medical records, showing his diagnoses and treatment, and documents pertaining to his employment and the workers' compensation claim process also were admitted into evidence.

The jury returned a verdict in favor of Esparza, finding a compensable injury and disability. The jury, however, determined the period of the disability to be from July 19, 2003, to February 5, 2004, a shorter period than what Esparza requested. Based upon the jury verdict, the trial court rendered final judgment in favor of Esparza, reversing the Commission's decision and remanding the case to the Commission for further proceedings consistent with the jury's findings and the trial court's judgment. This appeal followed.

5

## ANALYSIS

"The Commission's final decision may be appealed to the courts under what might best be described as modified de novo review." *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995). "For all issues regarding compensability of the injury (for example, whether it occurred in the course and scope of employment) and eligibility for and the amount of income and death benefits, there is a right to trial by jury." *Id*. (citing Tex. Lab. Code Ann. § 410.304 (West 2006)). "The party appealing bears the burden of proof by a preponderance of the evidence." *Id*. (citing Tex. Lab. Code Ann. § 410.303 (West 2006)). As the party appealing the Commission's decision, Esparza had the burden of proof at trial.

Further, pursuant to the statutory scheme, the Commission hearing officer makes "the initial decision in a workers' compensation dispute and . . . all subsequent proceedings are limited to a review of that decision." *See Texas Dep't of Ins., Div. of Workers' Comp. v. Jackson*, 225 S.W.3d 734, 736–37 (Tex. App.—Eastland 2007, no pet.); *see id*. at 737 (holding that trial court lacked jurisdiction to consider claimant's eligibility for lifetime income benefits "beyond the date of" the contested case hearing because eligibility after date of contested case hearing not considered by hearing officer); *see also* Tex. Lab. Code Ann. §§ 410.203 (addressing powers and duties of appeals panel), 410.204 (addressing decision of appeals panel) (West Supp. 2011).

As part of this statutory scheme, section 410.302(b) of the labor code limits judicial review of the issues from the appeal of a Commission decision:

> A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.

6

Tex. Lab. Code Ann. § 410.302(b) (West 2006). With this background, we turn to the City's issues.

*Duration of Disability*

In its first issue, the City challenges the trial court's jurisdiction to submit the second and third questions to the jury. The City does not challenge the trial court's jurisdiction to submit Question No. 1, which asked the jury: "Did Ronnie R. Esparza receive an injury on June 10, 2003?" After the jury answered this question "Yes," the court's charge instructed the jury to answer Question No. 2, which asked: "Did Ronnie Esparza have a disability as a result of his compensable injury, if any?" The jury also answered Question No. 2 "Yes." The court's charge then instructed the jury to answer Question No. 3, which asked the jury to determine the duration of disability: "State the length of time Ronnie Esparza was disabled as a result of the injury sustained on June 10, 2003?" The jury determined the length of time to be from July 19, 2003, to February 5, 2004.

As an initial matter, we note that the City preserved this issue for our review. *See* Tex. R. Civ. P. 274 (addressing objections and requests to the jury charge), 278 (requiring questions to be requested in writing and tendered to the court). Before the charge was submitted to the jury, the City objected to Question Nos. 2 and 3, requested a single question on disability in writing, and tendered the question to the trial court. The City's requested question would have asked the jury whether Esparza had a disability as a result of his compensable injury from June 10, 2003, through September 21, 2004. The trial court overruled the City's objections, however, and, as stated above, submitted for separate determination whether Esparza had a disability and, if so, the duration of that disability.

Relying upon the limitations of judicial review set forth in section 410.302(b) of the labor code, the City contends that the trial court erred by splitting the disability determination into two questions and that the open-ended question allowing other than a "yes" or "no" answer on duration was reversible error. *See* Tex. Lab. Code Ann. § 410.302(b). The City argues: "[The] trial court erred in allowing the jury to determine whether [Esparza] was disabled for a period of time other than the time period considered by the Commission, as the trial court's jurisdiction is limited to issues on which the Commission made determinations, and of which [Esparza] complained in his pleadings."

We review a trial court's submission of jury questions for abuse of discretion. *Moore v. Kitsmiller*, 201 S.W.3d 147, 153 (Tex. App.—Tyler 2006, pet. denied). "The trial court has broad discretion in submitting questions to the jury, subject only to the requirement that the questions submitted must (1) control the disposition of the case; (2) be raised by the pleadings and the evidence; and (3) properly submit the disputed issues for the jury's determination." *Id.* (citing Tex. R. Civ. P. 277, 278); *see also Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied) ("The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury." (citation omitted)). Further, the trial court's judgment will not be reversed for charge error unless the error probably caused the rendition of an improper verdict or probably prevented the petitioner from properly presenting the case to the appellate courts. Tex. R. App. P. 44.1(a).

A challenge to the trial court's subject matter jurisdiction, however, is a question of law that we review de novo. *See Jackson*, 225 S.W.3d at 736 (citing *Texas Dep't of Parks & Wildlife*

8

*v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). The City argues that the trial court lacked jurisdiction in this regard because June 10, 2003, through September 21, 2004, was the only duration period presented to or considered by the Commission. But, in her decision and order, the hearing officer states that Esparza "asserted disability from June 11, 2003 through February 5, 2004." We fail to see how a claimant's request for a particular disability period deprives a trial court of jurisdiction to determine disability for only a portion of the requested period or why the only available choice must be between the entire period requested or none of it. Although Esparza sought benefits through the date of the contested case hearing, this time period subsumed the disability time period found by the jury.

Further, the trial court's questions to the jury conform with the issues identified by the hearing officer in her decision and order. The hearing officer stated the disability issue as follows: "Did the claimant have a disability as a result of the claimed injury, and if so, for what period." The trial court's disability questions match the hearing officer's statement of the issues. The jury was asked to determine whether Esparza had a disability as a result of his injury and, if it determined that Esparza had a disability, to determine the period of disability. Esparza's pleadings also "specifically set forth the determinations . . . by which [Esparza] was aggrieved." *See* Tex. Lab. Code Ann. § 410.302(b). In his pleadings, Esparza quoted the issues from the hearing officer's decision and order and the relevant findings of fact and conclusions of law, challenging the decision of no injury or disability.

The City analogizes this case to cases addressing the scope of judicial review of impairment ratings to support its position that the trial court did not have jurisdiction to allow

9

the jury to determine the duration of disability. *See, e.g.*, *American Zurich Ins. Co. v. Samudio*, 317 S.W.3d 336, 349 (Tex. App.—Houston [1st Dist.] 2010), *rev'd*, 2012 Tex. App. LEXIS 554 (Tex. June 29, 2012) (trial court "only has the jurisdiction to allow a fact finder to choose" one of impairment ratings presented in administrative case); *State Office of Risk Mgmt. v. Ramirez*, No. 04-09-00541-CV, 2010 Tex. App. LEXIS 4956, at *10 (Tex. App.—San Antonio June 30, 2010, pet. denied) (mem. op.) ("[U]nless an exception applies, a trial court has no jurisdiction to allow the trier of fact to craft a new impairment rating based on expert testimony presented at trial.").

But section 410.306 of the labor code expressly limits the fact finder's determination of an impairment rating. *See* Tex. Lab. Code Ann. § 410.306(c) (reviewing "court or jury, in its determination of the extent of impairment, shall adopt one of the impairment ratings" established during administrative process); *Garcia*, 893 S.W.2d at 515 ("In determinating the extent of impairment, . . . the jury must adopt the specific rating of one of the physicians in the case."). "Because the ultimate impairment rating must match one of the doctors' findings, the disputed question of fact on appeal can only be which doctor's rating should prevail." *Garcia*, 893 S.W.2d at 528; *see* Tex. Lab. Code Ann. § 408.125(c) (West 2006) (Commission required to adopt impairment rating provided by one of the examining doctors). In the context of impairment ratings, "[t]he Act simply does not contemplate or allow any other rating; e.g., one 'in between' the physicians' findings." *Garcia*, 893 S.W.2d at 528. "In other words, the requirement that the impairment rating match one of the physicians' findings is part of the substantive statutory scheme." *Id*.

Unlike impairment ratings, there is no comparable statutory directive limiting the fact finder's determination of the disability period. *See State Office of Risk Mgmt. v. Escalante*, 162 S.W.3d 619, 626 (Tex. App.—El Paso 2005, pet. dism'd) ("The duration and extent of a disability is best left to the determination of the jury."); *see also id*. (concluding that "the jury could have reasonably determined that [the claimant]'s injuries . . . resulted in his disability from February 23, 2001 to April 22, 2002"); *Truck Ins. Exch. v. Smetak*, 102 S.W.3d 851, 853–54 (Tex. App.—Dallas 2003, no pet.) (affirming jury verdict that claimant injured and disabled due to injury from "December 14, 1999 through January 5, 2001"). We, therefore, find the cases addressing impairment rating determinations on appeal not to be instructive here. *See also Insurance Co. of Pa. v. Muro*, 347 S.W.3d 268, 275 (Tex. 2011) (noting that "impairment" and "disability" refer to different concepts).

On this record, in which the disability period found by the jury fell within the disability period considered by the Commission, we conclude that the trial court had jurisdiction and did not abuse its discretion by submitting separate questions to the jury asking whether Esparza had a disability and, if so, what the period of disability was. *See Kitsmiller*, 201 S.W.3d at 153; *Escalante*, 162 S.W.3d at 626; *Smetak*, 102 S.W.3d at 853–54. We overrule the City's first issue.

### Sufficiency of Evidence

In its second issue, the City challenges the legal and factual sufficiency of the evidence to support the jury's finding that Esparza had a disability as a result of his injury. As previously stated, Question No. 2 inquired of the jury: "Did Ronnie Esparza have a disability as a result of his compensable injury, if any?" The jury was instructed: "'Disability' means the inability

11

because of a compensable injury to obtain or retain employment at wages equivalent to the pre-injury wage." This instruction tracks the definition of "disability" in the labor code. *See* Tex. Lab. Code Ann. § 401.011(16) (West Supp. 2011) (defining disability). The jury also was instructed that a fact could be established by direct or circumstantial evidence and that a fact was established by circumstantial evidence "when it may be fairly and reasonably inferred from other facts proved."

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). The test is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. at 827. In reviewing factual sufficiency of the evidence, we consider and weigh all of the evidence in the record, and we may "set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The City contends that there was a lack of evidence of Esparza's wage-earning ability after his injury or that any inability that he did have was caused by his injury. The City urges that Esparza's testimony provided the only evidence of wages and that there was no evidence of other jobs that were or were not available for workers in Esparza's position or of any pay rates for any jobs other than what Esparza made as a forestry technician. The City also points to evidence that supports a finding that Esparza claimed that he was injured in response to notice from the City that his job was threatened by a change in policy as to his commercial driver's license.

The City, however, does not challenge the sufficiency of the evidence to support the jury's findings that Esparza sustained an injury on June 10, 2003, and that, assuming he had a disability from the injury, he was disabled from July 19, 2003, to February 5, 2004. The City also does not challenge the trial court's instructions to the jury defining "disability" and "circumstantial evidence." *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 762 (Tex. 2003) (sufficiency of evidence generally reviewed based upon charge as given the jury when opposing party does not object to charge); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (same). In this context, the dispositive issue is whether the evidence was sufficient to support an inference "from other facts proved" that Esparza's injury caused him for a period of time to be unable "to obtain or retain employment at wages equivalent to the pre-injury wage." *Jackson*, 116 S.W.3d at 762; *Peca*, 12 S.W.3d at 55.

Viewing the evidence in the light most favorable to the verdict, the evidence showed that Esparza was employed with the City as a forestry technician for over twenty years at the time of his injury, that he remained employed by the City for approximately 9 months after his injury, but that the City did not offer him light-duty work and did not pay him wages after July 18, 2003. Esparza also testified to his attempts to find another job after he was terminated by the City. He was able to obtain employment in January 2005 but unable to earn his pre-injury wage even at the time of trial.[3]

---

[3] Esparza testified that he began looking for employment in July 2004, applied for jobs with the City and other entities, including positions as a heavy equipment operator and truck driver, and started working again in January 2005. He also testified that he had been unable to earn $12.68 per hour, his pre-injury wage. Esparza answered "No" when asked if he was "ever able to do any work that would earn you $12.68 an hour or more" between the date of his injury and the date of the contested case hearing. He also answered "No" when asked if he "ever made more than $12.68."

Esparza further testified and provided medical records and other documents regarding his physical condition, including symptoms that he was experiencing as a result of his injury, his post-injury medical treatment, and the impact that his injury had on his ability to work.[4] His symptoms included pain, numbness, and tingling in his arms and hands after his injury.[5] The documentary evidence showed that Esparza was released to light duty a few weeks after his injury but that one of his treating physicians did not recommend that he return to full duty until February 5, 2004.[6]

---

As of the time of the trial, he still did not make $12.68 per hour. His expert's testimony was consistent as to his employability after his injury:

> Q: . . . [W]hat kind of work is a person who has a 10th grade education, no GED, and has been doing nothing but forestry work for 20 to 22 years, what kind of work is that person qualified to do?
>
> A. His options are very limited. Just offhand, for example, I could—he could work in an auto parts store, assuming that type of work would be available to him. I, unfortunately, run into this a lot with people who have been manual workers their whole lives and have now suffered some sort of injury.

[4] For example, on cross-examination, Esparza answered "Yes" when asked if it was "the June 10th, 2003 injury that caused [him] to be off work for the entire 15-month period and not anything else."

[5] At the time of trial, Esparza testified that he did not believe that his hands and arms would ever fully recover.

[6] Other documentary evidence included a "Medical Order/Duty Status Form" and FMLA certification of health care provider forms. The "Medical Order/Duty Status Form" signed by a doctor and dated July 17, 2003, released Esparza to return to work but restricted him to limited duty. On the FMLA certification form from August 2003, the doctor who signed the form answered "yes" in response to the question "Will it be necessary for the employee to work only intermittently or to work on a less than full schedule as a result of the condition (including the treatment described in Item 6, below)?" The doctor then stated the probable duration: "At least through 9-8-03 No work at all until after that date. Will require re-eval. by specialist prior to return to work." Similarly, on the FMLA certification form from October 2003, the doctor answered "yes" that it would be

The jury reasonably could have credited Esparza's testimony as to his physical condition and employment history, as well as the testimony from his expert and the medical records and other documents, to find that he was unable because of his injury to "obtain or retain employment at wages equivalent to the pre-injury wage" at least for some period of time after his injury. *See City of Keller*, 168 S.W.3d at 807 (legal sufficiency standard of review); *Escalante*, 162 S.W.3d at 626 (injured employees' testimony alone may establish disability); *see id.* at 625 ("Proof of the duration and extent of a disability resulting from an injury is . . . at best an estimate which must be determined by a jury from all pertinent facts before it." (citation omitted)); *Smetak*, 102 S.W.3d at 856–57 (evidence that pain "severe" and that employee did not report to work "some evidence to support jury's finding" that employee "was unable to obtain and retain equivalent employment" on certain date).[7] At a minimum, this evidence supports a reasonable inference "from

necessary for Esparza to work only intermittently or less than his full schedule because of his treatment, and the doctor stated that he could not say the probable duration but estimated 2 to 3 months from October 7, 2003, and stated that Esparza needed "treatment."

[7] According to the Commission, a light-duty release is evidence of disability and a claimant under a conditional medical release or who is unable to work does not have to present evidence that he or she sought other employment or that other work was unavailable to prove disability during the relevant time period. *See, e.g.*, TWCC Appeal No. 091260, 2009 TX Wrk. Comp. LEXIS 93, at *8 ("The Appeals Panel has frequently cited the proposition that a light duty release is evidence that disability continues."); TWCC Appeal No. 081886, 2009 TX Wrk. Comp. LEXIS 39, at *3–4 (claimant "under a conditional medical release [does] not have to show that work was not available" during relevant time period to establish disability); TWCC Appeal No. 081081, 2008 TX Wrk. Comp. LEXIS 68, at *13–14 (reversing hearing officer's determination of no disability based upon evidence from medical report and work status report that claimant "unable to work"); TWCC Appeal No. 071650, 2007 TX Wrk. Comp. LEXIS 79, at *6 ("If the claimant has been returned to work with restrictions, he does not have to prove that there is no work available which would fit his or her restrictions in order to establish disability."); TWCC Appeal No. 070005, 2007 TX Wrk. Comp. LEXIS 15, at *3–4 ("The Appeals Panel has said that a light-duty or conditional work release is evidence that disability continues. . . . We have also held that a claimant under a light-duty work release does not have an obligation to look for work or show

other facts proved" that, at least for a period of time, Esparza's injury caused him not to be able to work at all. That was all that was required here. We conclude that the evidence was legally sufficient to support the jury's finding of disability. *See City of Keller*, 168 S.W.3d at 827.

The record does contain some evidence that Esparza was able to work after the injury. For example, Esparza testified that he could have returned to his job in January 2004 if the City had provided him with gloves to diminish the vibratory effects of using a chainsaw. The City also points to inconsistencies in Esparza's testimony concerning the extent of his injury and his ability to work and argues that the issue surrounding his commercial driver's license was the real reason for his loss of wages. But it was for the jury to resolve conflicts in the evidence and to determine the credibility of the witnesses and the weight to be given to their testimony. *See City of Keller*, 168 S.W.3d at 819–20 (jury sole judge of credibility of witnesses and weight to be given to their testimony and they "may choose to believe one witness and disbelieve another"). Considering all of the evidence, we cannot conclude that the jury's finding of disability was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. We, therefore,

---

that work was not available within his or her restrictions."); TWCC Appeal No. 981568, 1998 TX Wrk. Comp. LEXIS 5567, at *12–13 (noting that restricted release to work is evidence of disability under statutory definition, rejecting contention that claimant, who was under a conditional work release, was obligated to seek other light-duty work such as in telephone sales, and noting prior holdings that "where claimant is released to return to light duty, there is no requirement that the claimant look for work" and "an employee under a conditional medical release [does] not have to show that work was not available"); TWCC Appeal No. 94820, 1994 TX Wrk. Comp. LEXIS 5982, at *8, 11 (upholding finding of disability based upon medical evidence and concluding that claimant not required to seek employment during period he had "full duty excuse" and citing prior holding that "an employee under a conditional medical release does not have to show that work is not available and that, under these circumstances, disability had not ended unless the claimant in fact is able to obtain and retain employment").

conclude then that the evidence was factually sufficient to support the jury's finding of disability.

We overrule the City's second issue.[8]

## CONCLUSION

For these reasons, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin
   Concurring and Dissenting Opinion by Justice Puryear

Affirmed

Filed:   August 10, 2012

---

[8] The dissent asserts that "the City's second issue is more fairly read as asserting that there is insufficient evidence showing that Esparza was disabled for the period of time found by the jury." We normally may not reverse a trial court "for a reason not raised in a point of error." *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). Further, even if we expand the City's sufficiency challenge as the dissent advocates to include a challenge to the jury's separate determination of the period of disability, we would conclude, at a minimum, that the evidence was sufficient to support an inference by the jury "from other facts proved" that Esparza was unable "to obtain or retain employment at wages equivalent to the pre-injury wage" from July 19, 2003, to February 5, 2004. The City did not challenge the jury's finding that Esparza was injured while working for the City, and the evidence at trial conclusively showed that he remained employed with the City without pay during the period of disability found by the jury, his treating doctor did not recommend that he return to work with the City until February 5, 2004, and he had been unable to obtain employment at wages equivalent to his pre-injury wage even at the time of trial.