**TEXAS DEPARTMENT OF INSUR-ANCE, DIVISION OF WORKERS' COMPENSATION, Appellant,**

v.

**MichaeL E. JACKSON, Appellee.**

No. 11–06–00158–CV.

Court of Appeals of Texas, Eastland.

April 26, 2007.

Kevin Heyburn, Assistant Office of the Atty. General of Texas, Austin, for appellant.

Allen R. Stroder, Barry L. Hart, Odessa, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

**OPINION**

RICK STRANGE, Justice.

This is a workers' compensation case. Michael E. Jackson filed suit to appeal the Texas Workers' Compensation Commission's Appeals Panel's[1] decision that he was not entitled to lifetime income benefits (LIBs). The TWCC filed a petition in intervention to support the panel's decision, and the case was set for trial. During a hearing on the parties' motions in limine, the trial court ruled that Jackson could file a trial amendment and could introduce medical evidence on his disability as of the date of the trial. In response, the TWCC asserted a plea to the jurisdiction. The trial court denied the plea and abated the case to allow the TWCC to prosecute an interlocutory appeal. We reverse and remand.

## I. Background Facts

Jackson injured his left knee and leg while in the course and scope of his employment for FLO CO2 Ltd. in 1994. He asserted a claim for LIBs and a claim for reimbursement of travel expenses. The TWCC conducted a contested case hearing (CCH) in 2002. The hearing officer identified the following disputed issues:

1. Is the Claimant entitled to lifetime income benefits based on the total and permanent loss of use of both feet, as of the date of the hearing?

2. Is the Claimant entitled to reimbursement of travel expenses for medical treatment at the direction of Dr. John Carroll McConnell in Greenville, Texas?

Following the CCH, the hearing officer issued a decision and order that included findings of fact and conclusions of law. The hearing officer found that Jackson was not entitled to LIBs as of the date of the CCH but that he was entitled to reimbursement for his travel expenses. Jackson appealed the hearing officer's LIBs ruling to the TWCC Appeals Panel. The panel affirmed, and Jackson appealed to state court.

The parties exchanged motions in limine prior to trial. TWCC's motion included a request that no party argue or present any evidence on any issue other than Jackson's entitlement to LIBs as of the date of the CCH. After considering the argument, the trial court denied TWCC's request, allowed Jackson to file a trial amendment, and announced that it would allow evidence of Jackson's disability as of the date of trial. The trial court then allowed TWCC to urge a plea to the jurisdiction

1. The legislature abolished the Texas Workers' Compensation Commission on September 1, 2005, and transferred its responsibilities to the Texas Department of Insurance, Division of Workers' Compensation. Act of May 29, 2005, 79th Leg. R.S., ch. 265 §§ 8.001(b), 8.004(a), 2005 Tex. Sess. Law Serv. 608. Because the TWCC was still in existence at all times relevant to this dispute, we will refer to it rather than the Division.

and, after additional argument, denied that plea.

## II. *Issues*

TWCC challenges the trial court's denial of its plea to the jurisdiction with a single issue, contending that the trial court's jurisdiction was limited to the issues decided by the appeals panel and, therefore, that it could only consider whether Jackson was entitled to LIBs as of the date of the CCH.

## III. *Analysis*

### A. *Standard of Review.*

■■■ Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We do not look to the merits of the case but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.* at 227.

### B. *What is the Trial Court's Jurisdiction?*

■ A party aggrieved by a decision of the appeals panel has the right to seek judicial review if it has first exhausted its administrative remedies. *See* TEX. LAB. CODE ANN. §§ 410.251, 410.301 (Vernon 2006).[2] The Workers' Compensation Act provides a three-step administrative process for resolving disputed issues. Compliance with each step is a prerequisite to participation in the next level, and subsequent proceedings are limited by the scope of the prior proceeding.

The process starts with a benefit review conference (BRC), which is an informal dispute resolution proceeding. Section 410.021. If the BRC is unsuccessful, the parties proceed to a CCH. *See* Sections 410.151–.169. The CCH's scope is limited to the issues raised at the BRC unless the parties consent or good cause existed for not raising it at the BRC. Section 410.151. A party dissatisfied with the hearing officer's decision can appeal to the appeals panel. *See* Section 410.202. This appeal is not a trial de novo but is limited to a review of the CCH record. *See* Section 410.203.[3] The losing party can appeal the panel's decision to state court. *See* Section 410.251. The trial is not a de novo review of any compensation-related issues. Section 410.302 limits the issues that the trial court can consider to (1) issues determined by the appeals panel and (2) issues that are specifically raised by the appealing party in its appeal. *Alexander v. Lockheed Martin Corp.*, 188 S.W.3d 348, 353 (Tex.App.-Fort Worth 2006, pet. denied).

■ The three-step administrative process is a building block process. Each step is contingent upon completion of the prior proceeding and is limited to the scope of that proceeding. The only exception to this is at the CCH, and ultimately, this exception is controlled by the hearing officer. Moreover, the hearing officer is the only individual with the authority to excuse exhaustion of administrative remedies upon a showing of good cause. Thus, the legislature has made clear that it intended for the hearing officer to make the initial decision in a workers' compensation dis-

---

2. All statutory citations are to the Texas Labor Code.

3. If a party is dissatisfied with any part of the hearing officer's decision, it must file an appeal because the hearing officer's fact findings are otherwise binding in subsequent proceedings-even if the overall decision is favorable. *See, e.g., Krueger v. Atascosa County*, 155 S.W.3d 614, 618–20 (Tex.App.-San Antonio 2004, no pet.) (pro se claimant who received a favorable result at the contested case hearing and did not file an appeal with the appeals panel could not raise issues in judicial review suit that were not presented to the appeals panel).

pute and that all subsequent proceedings are limited to a review of that decision.

The hearing officer determined Jackson's eligibility for LIBs "as of the date of the hearing." Whether Jackson is entitled to LIBs as of the date of trial is a related but separate question. For example, the fact-finder could determine that the hearing officer was correct and that Jackson was not entitled to LIBs as of the date of the CCH but, because of subsequent events, was entitled to LIBs as of the date of trial. This would convert the trial from an appeal to a trial de novo.

■ The trial court expressed its concern that limiting the trial to Jackson's eligibility for LIBs as of the date of the CCH and requiring him to initiate a new administrative proceeding to determine his eligibility for subsequent benefits would be inefficient. We do not disagree that in this instance allowing the fact-finder to exceed the scope of the appeals panel's decision would reduce the need for an additional administrative claim and, therefore, save time and effort. But, because the legislature did not give trial courts the authority to excuse exhaustion of administrative remedies, we must assume that the legislature determined that the benefits of requiring the hearing officer to make all initial decisions outweighed any potential efficiencies that could be gained with a complete trial de novo. Consequently, the trial court lacked jurisdiction to consider Jackson's eligibility for LIBs beyond the date of the CCH, and TWCC's issue is sustained.

### IV. *Holding*

The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings.