

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-08-184-CV**

---

WILBERT L. CLEWIS AND                                                    APPELLANTS
ROSE MARY CLEWIS

V.

SAFECO INSURANCE COMPANY                                                    APPELLEE
OF AMERICA

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] ON REHEARING

------------

The trial court dismissed some of Appellants Wilbert L. Clewis and Rose

Mary Clewis's claims and ordered that Wilbert take nothing on his remaining

claims. In four issues, Wilbert and Rose Mary argue that the trial court erred

by dismissing some of his claims, that the trial court erred by dismissing Wilbert

and Rose Mary's claims without giving them notice under rule of civil procedure

---

[1] *See* Tex. R. App. P. 47.4.

165a, that the trial court erred by disregarding its own pretrial order, and that Appellee Safeco Insurance Company of America's motion to deem Wilbert a vexatious litigant was untimely. Because we hold that the trial court did not err and that Safeco's motion was timely filed, we affirm.

## Background

On June 5, 1998, Wilbert sustained a compensable injury while driving a truck in the course of his employment. Safeco was his employer's workers' compensation insurance carrier. Wilbert has been initiating lawsuits against Safeco over issues related to this injury since 1999.

This case arose out of Wilbert's attempt to recover travel expenses incurred in the course of his medical treatment. On January 24, 2006, the Division of Workers' Compensation of the Texas Department of Insurance ("the DWC") held a benefits contested case hearing[2] ("CCH") to determine (1) whether Wilbert was entitled to reimbursement of travel expenses for medical treatment by Dr. James Elboar, and if so, what amount; and (2) whether the DWC had jurisdiction to adjudicate the issue of Wilbert's impairment rating, and if so, what the impairment rating was. The hearing officer determined that the DWC had no jurisdiction to adjudicate the impairment rating and that Safeco

---

[2] *See* Tex. Lab. Code Ann. § 410.151 (Vernon 2006).

2

was not liable to Wilbert for the travel expenses. After an appeals panel affirmed the hearing officer's determination, Wilbert sought judicial review in the trial court.

Wilbert asserted a number of claims in the trial court, but on March 1, 2007, in response to Safeco's plea to the jurisdiction, the trial court signed an order dismissing all of the claims except (1) his claim for reimbursement of the travel expenses and (2) his claim that the DWC had incorrectly decided that it lacked jurisdiction to adjudicate his impairment rating. Trial was set for that same date, but Wilbert failed to appear, and the trial court dismissed his claims for want of prosecution. Upon Wilbert's motion, however, the trial court reinstated the case in June 2007.

Trial to the court was held on August 21, 2007. At trial, Wilbert sought to litigate claims that had been dismissed in the March 1 order. When the trial court informed him that it would not reconsider its ruling dismissing those claims, Wilbert stated that "[i]f that can't be heard, I'm not concerned with the $600 travel reimbursement" and that he did not wish to prosecute his claim for travel expenses or his claim on the jurisdictional issue. The trial court stated that it would therefore order that Wilbert take nothing on his claims.

On September 14, 2007, before the trial court had signed a final judgment in the case, Wilbert filed a fourth amended petition adding Rose Mary

3

as a party and seeking additional damages for loss of earning capacity and for intentional infliction of emotional distress on Wilbert's behalf. Safeco filed a motion to strike this amended petition on the ground that it was an impermissible post-trial amended pleading. No order on this motion appears in the appellate record, but on December 5, 2007, the trial court signed a judgment affirming the DWC's determination and deeming Wilbert a vexatious litigant as to the filing of any claims against Safeco based on the June 5, 1998 workers' compensation injury.

Wilbert and Rose Mary each filed a notice of appeal, but because the trial court's judgment did not dispose of Rose Mary's claims and was therefore not a final judgment, we dismissed the appeal for want of jurisdiction.

Rose Mary then filed a notice of nonsuit of her claims, and the trial court signed an order dismissing them. Wilbert subsequently filed a motion to nonsuit the claims he had asserted in his fourth amended petition. This court then granted Wilbert's motion for rehearing, withdrew its dismissal opinion and judgment, and set the case for briefing.

**Analysis**

In his first issue, Wilbert argues that the trial court erred by granting Safeco's plea to the jurisdiction and dismissing all of his claims except the claim for reimbursement of the travel expenses and the claim that the DWC had

4

incorrectly decided that it lacked jurisdiction to adjudicate his impairment rating. He contends that he presented six issues for determination to the hearing officer and to the appeals panel and therefore, under section 410.302 of the labor code,[3] he should have been allowed to pursue all of those issues in the trial court. We review a trial court's determination of a plea to the jurisdiction under a de novo standard of review.[4]

Labor code section 410.301 provides for "[j]udicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits."[5] Wilbert argues that under the labor code, judicial review is limited to issues *presented to* the appeals panel. But section 410.302 limits the issues in judicial review by a trial court to "issues *decided by* the appeals panel and on which judicial review is sought."[6]

In this case, the hearing officer at the CCH stated that he understood the issues were "whether [Wilbert] is entitled to reimbursement of travel expenses for medical treatment at the direction of Dr. James Elboar . . . and if so, what

[3] *Id*. § 410.302(b) (Vernon 2006).

[4] *City of Argyle v. Pierce*, 258 S.W.3d 674, 680 (Tex. App.—Fort Worth 2008, pet. dism'd).

[5] Tex. Lab. Code Ann. § 410.301(a) (Vernon 2006).

[6] *Id.* § 410.302(b) (emphasis added).

amount" and "whether the Commission has the jurisdiction to adjudicate the impairment rating and, if so, what is the impairment rating." When the hearing officer asked whether that characterization of the issues was also Wilbert's understanding of the issues, the ombudsman[7] assisting Wilbert answered in the affirmative. The hearing officer's written decision expressly stated that the CCH was held to determine those two issues. The hearing officer concluded that Wilbert was not entitled to the travel expenses and that the DWC did not have jurisdiction to adjudicate the issue of his impairment rating. When Wilbert appealed that decision to the appeals panel, the issues that the appeals panel decided were the issues decided by the hearing officer at the CCH.[8]

Because the only issues decided by the appeals panel were the two issues decided at the CCH, those were the only two issues for which judicial review

---

[7] *See id.* § 404.105 (stating that the department of insurance's office of injured employee counsel may, through its ombudsman program, appear before the DWC on behalf of an injured employee during an administrative dispute resolution process).

[8] *See id.* § 410.203; *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 16 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Tex. Dep't of Ins., Div. of Workers' Comp. v. Jackson*, 225 S.W.3d 734, 736–37 (Tex. App.—Eastland 2007, no pet.) (stating that under the statute the hearing officer makes the initial decision in a workers' compensation dispute and that "all subsequent proceedings are limited to a review of that decision"); *St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 720 (Tex. App.—Dallas 1999, pet. denied).

6

could be sought.[9]  Accordingly, the trial court did not err by limiting its review to the two issues decided by the appeals panel and dismissing the other issues raised by Wilbert.  We overrule Wilbert's first issue.

In his second issue, Wilbert argues that rule 165a of the rules of civil procedure prohibited the trial court from dismissing his suit without notice to him and that the trial court abused its discretion by doing so.  He contends that after he filed his fourth amended petition on September 14, 2007, adding his wife as a party, the trial court dismissed their suit on February 21, 2008, without providing them notice as required under rule 165a.  Specifically, he states that when he "made mention of his fourth amended petition to [the trial judge], he simply disposed of it and my wife was not even present."

Rule 165a provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."[10]  But the final judgment in this case did not result from the trial court dismissing Wilbert and Rose Mary's suit

---

[9] *See* Tex. Lab. Code Ann. § 410.302; *see also Krueger v. Atascosa County*, 155 S.W.3d 614, 619 (Tex. App.—San Antonio 2004, no pet.) (stating that "[t]he language of § 410.302 must be given its plain meaning, which is that judicial review is limited to issues 'decided by' the TWCC Appeals Panel" and holding that appellant could not seek judicial review of an issue when she did not raise the issue to appeals panel and panel's decision specifically stated it did not consider the issue).

[10] Tex. R. Civ. P. 165a.

7

for want of prosecution. The trial court signed a final judgment on December 5, 2007, after Wilbert had filed his amended petition. This judgment was a ruling on the merits.

After the final judgment was entered, Wilbert filed a motion to reinstate, which the trial court denied on February 21, 2008. At the hearing on the motion, the trial court informed Wilbert that his motion applied to a case dismissed for want of prosecution and that the court "didn't dismiss [Wilbert's] case due to lack of prosecution." Rather, "[t]he case has been adjudicated." The appellate record supports the trial court's characterization of the proceedings. The final judgment states that the court considered the pleadings, evidence, and arguments of the parties and found that the DWC's judgment should be affirmed. The final judgment is on its face a determination on the merits of Wilbert's claims, not a dismissal under rule 165a. And the trial court's order of February 21 denied Wilbert's motion to reinstate; it did not dismiss any claims for want of prosecution.

In Wilbert's reply brief, he argues that because the trial court dismissed the fourth amended petition without notice to his wife, her due process rights were violated. Rose Mary did not file a brief on appeal and did not sign the

brief filed by Wilbert.[11]  Because Wilbert is not an attorney, he may not represent Rose Mary on appeal.[12]  We overrule Wilbert's second issue.

In his third issue, Wilbert argues that the trial court erred by holding a bench trial, disregarding its pretrial order under rule 166 of the rules of civil procedure.  The pretrial order to which Wilbert refers did not set the case for a jury trial.  It merely ordered the parties to notify the court coordinator if, among other things, a jury panel of more than thirty-five would be needed.  At the trial before the court, when Wilbert asserted to the court that he had not been given a jury trial even though he had called the court coordinator and requested one, the trial court looked at its files and noted that Wilbert had not paid a jury fee.[13]  The trial court further noted that Wilbert had not filed a separate written demand for a jury trial apart from his prayer in his second amended petition, which stated that "the Plaintiff respectfully prays that the Defendant be cited to appear and answer this petition upon final jury trial."

---

[11] *See* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files.").

[12] *Paselk v. Rabun*, No. 06-08-00093-CV, 2009 WL 1658089, at *2 (Tex. App.—Texarkana June 16, 2009, no pet. h.) ("Although a layperson has the right to represent themselves, a layperson does not have the right to represent others."); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no pet.).

[13] *See* Tex. Const. art. V, § 10.

9

The Texas Constitution provides that "no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury."[14] Rule 216 of the rules of civil procedure similarly provides that in a civil suit, "[n]o jury trial shall be had . . . unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial . . . but not less than thirty days in advance" and that the payment of the jury fee must also be made within that time limitation.[15] Wilbert had not paid a jury fee at the time of trial, and, accordingly, the trial court did not abuse its discretion by denying Wilbert's request for a jury trial. We overrule Wilbert's third issue.

In his fourth issue, Wilbert argues that Safeco's motion to deem him a vexatious litigant was not timely filed under section 11.052 of the civil practice and remedies code. He also argues that the trial court erred by granting the motion because Safeco did not meet its burden to show that he had prosecuted at least five actions arising out of the same matter.

Section 11.051 provides that a defendant may move for the court to enter an order determining that the plaintiff is a vexatious litigant.[16] This

[14] *Id.*

[15] Tex. R. Civ. P. 216.

[16] Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (Vernon 2002).

motion must be filed on or before the ninetieth day after the date the defendant files an original answer or makes a special appearance.[17]

The appellate record does not contain Safeco's original motion to have Wilbert declared a vexatious litigant.[18]  But in his motion for new trial, Wilbert objected to the trial court's grant of Safeco's motion on the ground that Safeco's July 10, 2007 motion was untimely because it was not filed within ninety days of Safeco's original answer.  The July 10 motion was Safeco's *amended* motion.  Wilbert never objected that Safeco's *original* motion was untimely filed, and he admits in his brief that Safeco's original motion was filed on July 6, 2006 — the same day that Safeco filed its answer.  The original motion was therefore timely filed.[19]  An amended motion relates back to the

---

[17] *Id.*

[18] Tex. R. App. P. 33.1 (stating that party seeking appellate review must show that the complaint was preserved); *Shelton v. Standard Fire Ins. Co.*, 816 S.W.2d 552, 553 (Tex. App.—Fort Worth 1991, no writ) (noting that appellant has the burden to bring up record on appeal showing error that would require reversal).

[19] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051.

date of the original motion.[20]  Accordingly, Safeco timely filed its motion to have Wilbert declared a vexatious litigant.

Wilbert relies on *Dishner v. Huitt-Zollars, Inc.* to argue that the amended pleading was untimely.[21]  *Disnher* is distinguishable.  In that case, the original motion was withdrawn by the defendant, and a second motion was filed after the deadline.[22]  Here, nothing in the record indicates that Safeco ever withdrew its original motion.

Wilbert next argues that Safeco failed to show that he has commenced, prosecuted, or maintained at least five litigations that have been finally determined adversely to him and that his claims have not been found to be frivolous or groundless.

---

[20] *See Ex parte Goad*, 690 S.W.2d 894, 896 (Tex. 1985) (holding that motion for contempt relates back to original filing unless it is wholly based upon and grows out of a new, distinct or different transaction and occurrence); *In re Pepsico, Inc.*, 87 S.W.3d 787, 794 (Tex. App.—Texarkana 2002, no pet.) (holding that amended motion to transfer venue relates back to original timely filed motion); *Indus. State Bank of Houston v. Eng'g Serv. & Equip., Inc.*, 612 S.W.2d 661, 663 (Tex. Civ. App.—Dallas 1981, no writ) ("[A]ny defective pleading, when pointed out by motion or exception and cured by amendment, relates back and is deemed to be filed as of the time the prior defective plea was filed.")

[21] 162 S.W.3d 370, 377 (Tex. App.—Dallas 2005, no pet.).

[22] *Id.*

Before the trial court may enter an order that a plaintiff is a vexatious litigant, the defendant must show that "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant."[23] The defendant must also make a showing that the plaintiff falls within one of three categories, two of which Safeco asserted in the trial court. First, the defendant may show that in the seven-year period preceding the date of the defendant's motion, the plaintiff "commenced, prosecuted, or maintained in propria persona[24] at least five litigations other than in a small claims court that have been . . . finally determined adversely to the plaintiff . . . [or] determined by a trial or appellate court to be frivolous or groundless.[25] Alternatively, the defendant may show that after a litigation has finally been determined adversely to the plaintiff, the plaintiff "repeatedly relitigates or attempts to relitigate, in propria persona," either (1) the validity of the determination against a defendant who was the same defendant from the finally-determined litigation or (2) "the cause of action, claim, controversy, or any of the issues of fact or law

---

[23] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002).

[24] *See Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex. App.—San Antonio 2000, no pet.) ("*In propria persona* is synonymous with *pro se*; it refers to a situation in which a litigant represents himself or herself without the benefit of a lawyer.").

[25] Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1).

13

determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined."[26]

The record contains documents demonstrating that in December 1999, Wilbert sought judicial review of the appeals panel's determination that he had reached maximum medical improvement and its determination of his impairment rating. The trial court affirmed the appeals panel's decision, and this court affirmed that judgment.[27]

The record further shows that Wilbert subsequently filed at least four additional suits:

- a suit against Safeco for bad faith for denying his claims, in which the trial court granted summary judgment for Safeco;

- a suit against Safeco for the unauthorized release of his confidential medical information, in which the trial court granted summary judgment for Safeco, and this court affirmed the trial court;[28]

- a suit for judicial review of the appeals panel's decision that his compensable injury did not include his pelvis or his right elbow, in which

---

[26] *Id.* § 11.054(2).

[27] *Clewis v. Safeco Ins. Co. of Am.*, No. 02-00-00308-CV (Tex. App.—Fort Worth Feb. 14, 2002, pet. denied) (not designated for publication).

[28] *Clewis v. Hicks*, No. 02-03-00014-CV, 2003 WL 22862630 (Tex. App.—Fort Worth Dec. 4, 2003, pet. denied) (mem. op.).

14

the trial court affirmed the appeals panel's decision, and this court dismissed Wilbert's appeal for want of jurisdiction;[29] and

- a bill of review alleging fraud against Safeco for releasing his medical records, in which the trial court dismissed Wilbert's claims after Safeco filed a plea to the jurisdiction, and this court dismissed Wilbert's appeal because his notice of appeal was untimely.[30]

Safeco thus demonstrated that in the seven years preceding its motion, Wilbert prosecuted at least five suits pro se and that these suits were determined adversely to him.

Wilbert argued in the trial court and argues on appeal that he succeeded in one of his suits against Safeco. But the litigation he references, cause number 096-183500-00, is in addition to the five unsuccessful suits mentioned above. And furthermore, although he may have had partial success in the administrative proceeding in that case, the record shows that he did not prevail in his suit in the district court. In that case, the trial court granted summary

---

[29] *Clewis v. Safeco Ins. Co. of Am.*, No. 02-05-00190-CV, 2005 WL 1654867 (Tex. App.—Fort Worth July 14, 2005, no pet.) (mem. op.).

[30] *Clewis v. Safeco Ins. Co. of Am.*, No. 02-06-00258-CV, 2006 WL 2507324 (Tex. App.—Fort Worth Aug. 31, 2006, no pet.) (mem. op.).

judgment for Safeco and dismissed Wilbert's claims against it. Accordingly, the trial court did not abuse its discretion by granting Safeco's motion.[31]

In his reply brief, Wilbert argues that Safeco did not show that he could not prevail on the issue of "is the carrier liable for the benefits at issue in this hearing," and, accordingly, the trial court could not find him to be a vexatious litigant.[32] Wilbert did not make this argument in his original brief, and we are therefore not required to consider it.[33] Furthermore, Wilbert cites no authority to support his argument, and he makes no argument as to how Safeco failed to show that he had no reasonable probability of success on his claim when he refused to move forward with it. Accordingly, we overrule this argument as inadequately briefed.[34]

Wilbert also presents two objections to events that occurred in the trial court. First, he notes that he objected in the trial court that the court was refusing to follow section 410.302 of the labor code. Second, he objected to

---

[31] *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reviewing trial court's declaration of a vexatious litigant under an abuse of discretion standard).

[32] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054.

[33] *See* Tex. R. App. P. 38.3; *In re M.D.H.*, 139 S.W.3d 315, 318–19 (Tex. App.—Fort Worth 2004, pet. denied) (declining to consider complaint raised for the first time in reply brief).

[34] *See* Tex. R. App. P. 38.1(i).

16

the trial court's overruling of his motion to reinstate. Wilbert makes no argument as to why these objections entitle him to relief and cites no authority in support of them. Accordingly, these arguments are overruled as inadequately briefed.[35] We overrule Wilbert's fourth issue.

Wilbert filed in this court a plea to the jurisdiction to dismiss Safeco's claims as to his bilateral carpal tunnel syndrome impairment rating and income benefits. From his arguments, it appears that with this motion, Wilbert attempts to establish Safeco's liability for income benefits relating to his carpal tunnel syndrome. Safeco did not file a cross-appeal and does not assert any claims for affirmative relief in this appeal. Accordingly, there is nothing for us to dismiss. We therefore deny Wilbert's motion, and, having overruled all of Wilbert's issues, affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: August 6, 2009

---

[35] *See id.*