Opinion filed October 8, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 8,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00005-CV 

                                                    __________

 

                    FACILITY INSURANCE CORPORATION, Appellant

 

                                                             V.

 

                                     KEVIN
LOYD GIBBS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown
County, Texas

                                               Trial
Court Cause No. CV0604153

 



 

                                                                   O
P I N I O N

 

This
is an interlocutory appeal in a workers=
compensation suit.  Kevin Loyd Gibbs suffered an injury while in the course and
scope of his employment, and the Texas Department of Insurance, Division of
Workers= Compensation,
found that he was entitled to lifetime income benefits.  Facility Insurance
Corporation filed suit to appeal this determination.  Gibbs challenged the
trial court=s
jurisdiction to hear new evidence, and the trial court found that its
jurisdiction was limited to Gibbs=s
entitlement to lifetime income benefits through the date of the contested case
hearing.  We affirm.

                                                                 I. 
Background Facts








Gibbs
injured his lower back in 1993 and has undergone multiple back surgeries for
this injury.  Gibbs was ultimately diagnosed with failed back syndrome, and his
treating physician opined that Gibbs=s
lower extremities did not possess substantial utility because he was unable to
control his legs and that Gibbs would be unable to get and keep employment
requiring the use of his legs. The Division found that as of November 29, 2005,
Gibbs was entitled to lifetime income benefits based on the total and permanent
loss of use of both feet.

Facility
appealed this determination and gave notice that it would call a vocational
rehabilitation counselor and an orthopedic surgeon to offer opinions on Gibbs=s employability and medical
condition that were developed after the administrative process.  Gibbs
contended that the trial court lacked jurisdiction to consider any evidence of
his condition after November 29, 2005. The trial court agreed and held that no
new evidence concerning Gibbs=s
condition after November 29 was admissible.  The trial court also found
that an interlocutory appeal was appropriate pursuant to Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(d) (Vernon 2008),
and it entered an agreed order authorizing an interlocutory appeal.

                                                                                      II. 
Issues

 Facility
challenges the trial court=s
ruling with a single issue, contending that new evidence generated after
November 29, 2005, but concerning Gibbs=s
condition, is admissible.

                                                                       III.
Discussion

The
heart of this appeal is whether Facility can introduce evidence of Gibbs=s current condition. 
Facility argues that, if Gibbs is not disabled today, then the hearing officer=s decision that he was
permanently disabled on November 29 is necessarily in error.  Gibbs responds
that his current condition is not in issue and that, if Facility desires to
seek relief based upon new medical evidence, it must first present that
evidence to the Division.  We cannot directly address this issue by deciding
whether specific testimony or evidence would, if offered, be admissible because
to do so would constitute an advisory opinion.  See Speer v. Presbyterian
Children=s Home
and Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993) (courts have no
jurisdiction to render advisory opinions).  We will, therefore, restrict
ourselves to the trial court=s
jurisdictional ruling.

In
Tex. Dep=t
of Ins., Div. of Workers=
Comp. v. Jackson, 225 S.W.3d 734, 736 (Tex. App.CEastland 2007, no pet.), we held that the
Workers= Compensation
Act imposes a three-step administrative process as a predicate to seeking
judicial review, that each step is contingent upon completion of the prior
proceeding, and that each step is limited to the scope of the prior
proceeding.  Consequently, we found that the trial court lacked the authority
to consider issues beyond those originally presented to the hearing officer at
the Contested Case Hearing.  Id.  








The
issue presented to the hearing officer in this case was whether Gibbs was
entitled to lifetime income benefits as of November 29, 2005, based on the
total and permanent loss of use of both feet.  The trial court=s jurisdiction is limited
to that same issue.  But the Act does not limit the trial court=s jurisdiction to
consideration of the evidence presented to the hearing officer.  The trial
court has jurisdiction to consider new evidence B
even if it was created after November 29, so long as it is relevant to Gibbs=s disability on November
29.  For example, if Gibbs underwent an MRI on December 1 and a doctor
testified that the results of the MRI would have been the same if conducted on
November 29, then the court would have jurisdiction to consider this evidence. 
But if the new evidence instead establishes Gibbs=s
condition on some subsequent date, then the court lacks jurisdiction because
the proffering party has not yet exhausted its administrative remedies.  See
id. at 737 (whether claimant was entitled to benefits at trial is a related
but separate question from whether he was entitled to benefits as of the date
of the contested case hearing); see also DWC Appeals Panel Decision,
APD, No. 020432-s, April 10, 2002, 2002 WL 971079 (Division has jurisdiction to
determine continued entitlement to lifetime income benefits).

The
trial court correctly found that its jurisdiction was limited to Gibbs=s entitlement to lifetime
income benefits as of November 29, 2005, and Facility=s issue is overruled.  We express no opinion
on the findings of fact or conclusions of law in the trial court=s agreed order authorizing
an interlocutory appeal or on whether Facility=s
new evidence is admissible.

                                                                         IV.
Holding 

 
The trial court=s
partial summary judgment order is affirmed.

 

 

RICK STRANGE

JUSTICE

October 8, 2009

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.