**Opinion filed October 8, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00005-CV
_____

**FACILITY INSURANCE CORPORATION, Appellant**

**V.**

**KEVIN LOYD GIBBS, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV0604153**

### O P I N I O N

This is an interlocutory appeal in a workers' compensation suit. Kevin Loyd Gibbs suffered an injury while in the course and scope of his employment, and the Texas Department of Insurance, Division of Workers' Compensation, found that he was entitled to lifetime income benefits. Facility Insurance Corporation filed suit to appeal this determination. Gibbs challenged the trial court's jurisdiction to hear new evidence, and the trial court found that its jurisdiction was limited to Gibbs's entitlement to lifetime income benefits through the date of the contested case hearing. We affirm.

### I. *Background Facts*

Gibbs injured his lower back in 1993 and has undergone multiple back surgeries for this injury. Gibbs was ultimately diagnosed with failed back syndrome, and his treating physician opined that Gibbs's

lower extremities did not possess substantial utility because he was unable to control his legs and that Gibbs would be unable to get and keep employment requiring the use of his legs. The Division found that as of November 29, 2005, Gibbs was entitled to lifetime income benefits based on the total and permanent loss of use of both feet.

Facility appealed this determination and gave notice that it would call a vocational rehabilitation counselor and an orthopedic surgeon to offer opinions on Gibbs's employability and medical condition that were developed after the administrative process. Gibbs contended that the trial court lacked jurisdiction to consider any evidence of his condition after November 29, 2005. The trial court agreed and held that no new evidence concerning Gibbs's condition after November 29 was admissible. The trial court also found that an interlocutory appeal was appropriate pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (Vernon 2008), and it entered an agreed order authorizing an interlocutory appeal.

## II. *Issues*

Facility challenges the trial court's ruling with a single issue, contending that new evidence generated after November 29, 2005, but concerning Gibbs's condition, is admissible.

## III. *Discussion*

The heart of this appeal is whether Facility can introduce evidence of Gibbs's current condition. Facility argues that, if Gibbs is not disabled today, then the hearing officer's decision that he was permanently disabled on November 29 is necessarily in error. Gibbs responds that his current condition is not in issue and that, if Facility desires to seek relief based upon new medical evidence, it must first present that evidence to the Division. We cannot directly address this issue by deciding whether specific testimony or evidence would, if offered, be admissible because to do so would constitute an advisory opinion. *See Speer v. Presbyterian Children's Home and Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993) (courts have no jurisdiction to render advisory opinions). We will, therefore, restrict ourselves to the trial court's jurisdictional ruling.

In *Tex. Dep't of Ins., Div. of Workers' Comp. v. Jackson*, 225 S.W.3d 734, 736 (Tex. App.—Eastland 2007, no pet.), we held that the Workers' Compensation Act imposes a three-step administrative process as a predicate to seeking judicial review, that each step is contingent upon completion of the prior proceeding, and that each step is limited to the scope of the prior proceeding. Consequently, we found that the trial court lacked the authority to consider issues beyond those originally presented to the hearing officer at the Contested Case Hearing. *Id.*

2

The issue presented to the hearing officer in this case was whether Gibbs was entitled to lifetime income benefits as of November 29, 2005, based on the total and permanent loss of use of both feet. The trial court's jurisdiction is limited to that same issue. But the Act does not limit the trial court's jurisdiction to consideration of the evidence presented to the hearing officer. The trial court has jurisdiction to consider new evidence – even if it was created after November 29, so long as it is relevant to Gibbs's disability on November 29. For example, if Gibbs underwent an MRI on December 1 and a doctor testified that the results of the MRI would have been the same if conducted on November 29, then the court would have jurisdiction to consider this evidence. But if the new evidence instead establishes Gibbs's condition on some subsequent date, then the court lacks jurisdiction because the proffering party has not yet exhausted its administrative remedies. *See id.* at 737 (whether claimant was entitled to benefits at trial is a related but separate question from whether he was entitled to benefits as of the date of the contested case hearing); *see also* DWC Appeals Panel Decision, APD, No. 020432-s, April 10, 2002, 2002 WL 971079 (Division has jurisdiction to determine continued entitlement to lifetime income benefits).

The trial court correctly found that its jurisdiction was limited to Gibbs's entitlement to lifetime income benefits as of November 29, 2005, and Facility's issue is overruled. We express no opinion on the findings of fact or conclusions of law in the trial court's agreed order authorizing an interlocutory appeal or on whether Facility's new evidence is admissible.

IV. *Holding*

The trial court's partial summary judgment order is affirmed.

RICK STRANGE

JUSTICE

October 8, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3