

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00722-CV

Jesus **CERVANTES**,
Appellant

v.

**NEW HAMPSHIRE INSURANCE COMPANY**,
Texas Department of Insurance, Division of Workers' Compensation, and Ron Bordelon,
in his official capacity as Workers' Compensation Commissioner,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 11-02-26260-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

Jesus Cervantes appeals a summary judgment granted in favor of New Hampshire

Insurance Company and an order dismissing his declaratory judgment claim against the Texas

Department of Insurance, Division of Workers' Compensation, and Ron Bordelon, in his official

capacity as Workers' Compensation Commissioner.  Cervantes asserts the trial court erred in

granting summary judgment because he raised a genuine issue of material fact regarding the

validity of the designated doctor's certification of maximum medical improvement and

assignment of a 5% impairment rating. Cervantes also asserts the trial court erred in dismissing his declaratory judgment claim against the Division and Bordelon. We affirm the trial court's summary judgment and dismissal order.

## BACKGROUND

Cervantes was injured while lifting a heavy box, aggravating a prior injury to his neck and low back. On July 1, 2010, the designated doctor selected by the Division, Dr. Bruce G. Kinzy, certified that Cervantes reached maximum medical improvement as of June 30, 2010, and assigned a 5% impairment rating. Based on the evidence presented at a contested case hearing, the hearings officer determined that Cervantes reached maximum medical improvement on June 30, 2010, and had an impairment rating of 5%. After an appeals panel affirmed the hearings officer's decision, Cervantes sought judicial review.

In his petition, Cervantes challenged the appeals panel's decision, asserting that Dr. Kinzy's report was invalid because Dr. Kinzy did not comply with the applicable rules requiring him to perform a complete medical examination of Cervantes and to state the analysis he performed before certifying an impairment rating and a date on which maximum medical improvement was reached. Cervantes also asserted a declaratory judgment claim against the Division and Bordelon, seeking a declaration that the Division and Bordelon were required to abide by the Division's rules by determining that Dr. Kinzy's certification failed to comply with the rules. The trial court dismissed the declaratory judgment claim and granted summary judgment upholding the appeals panel's decision.

## SUMMARY JUDGMENT

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable

inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing the granting of a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id*. at 751.

In the absence of a finding by the trial court that a substantial change of the worker's condition has occurred, evidence of the extent of impairment is limited to that presented to the division during the appeals process. TEX. LAB. CODE ANN. §§ 410.306(c), 410.307 (West 2006 & Supp. 2012); *American Zurich Ins. co. v. Samudio*, 370 S.W.3d 363, 366-67 (Tex. 2012). In the instant case, there is no allegation or finding that a substantial change of condition occurred; therefore, the trial court was required to adopt one of the physician's specific impairment ratings presented to the division. TEX. LAB. CODE ANN. § 410.306(c) (West Supp. 2012); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 528 (Tex. 1995); *Fireman's Fund Ins. Co. v. Weeks*, 259 S.W.3d 335, 339 (Tex. App.—El Paso 2008, pet. denied).

New Hampshire Insurance Company moved for summary judgment on the ground that Dr. Kinzy's evaluation contained the only impairment rating presented to the Division. In his response, Cervantes sought to raise a genuine issue of material fact by asserting that Dr. Kinzy's certification was invalid because Dr. Kinzy failed to conduct the requisite physical examination and provide the requisite analysis prior to his certification. Cervantes attached no evidence to his response in support of his assertion. Attached to New Hampshire Insurance Company's motion for summary judgment, however, is a Division form 069 Report of Medical Evaluation signed by Dr. Kinzy on July 1, 2010. Attached to this report is a document entitled TDI DWC Designated

Doctor Evaluation which is a summary prepared by Dr. Kinzy relating to his July 1, 2010 examination of Cervantes. The evaluation summarizes the medical records Dr. Kinzy reviewed, the history of Cervantes's injury, and Cervantes's interim history since his last evaluation, response to treatment, and current complaints. The evaluation summarizes the basis upon which Dr. Kinzy certified that Cervantes: (1) reached maximum medical improvement as of June 30, 2010; and (2) qualified for a 5% impairment rating. Finally, in the conclusion of the evaluation, Dr. Kinzy states, "This evaluation has been conducted on the basis of a thorough medical examination…." Attached to the TDI DWC Designated Doctor Evaluation is a document entitled "Physical Examination" listing an exam date of July 1, 2010, and documenting Dr. Kinzy's physical examination of Cervantes.[1]

Accordingly, since Dr. Kinzy's impairment rating was the only evidence presented to the Division, and the summary judgment evidence conclusively established that he conducted a physical examination prior to certifying the impairment rating, the trial court did not err in granting summary judgment in favor of New Hampshire Insurance Company.

### DISMISSAL

Chapter 410, Subchapter G of the Texas Labor Code provides a method for challenging a final decision of the appeals panel regarding a worker's impairment rating. TEX. LAB. CODE ANN. §§ 410.301-410.308 (West 2006 & Supp. 2012). "When a statute provides a method for

---

[1] In his brief, Cervantes argues that the physical examination was not complete because it did not document an examination of Cervantes's cervical spine. In his July 1, 2010 report, however, Dr. Kinzy stated, "The carrier has stated the lumber herniated disc has been accepted but no other injuries are accepted as part of his work related injury." Accordingly, Dr. Kinzy was assessing an impairment rating based on the compensable injury to Cervantes's lumber spine. Because extent of injury was not included as an issue in the benefits review conference and was not an issue considered by the hearings officer, it could not have been considered by the trial court as a basis for invalidating Dr. Kinzy's certification. *See* TEX. LAB. CODE ANN. § 410.302(e) (West 2006); *Tex. Dept. of Ins., Div. of Workers' Comp. v. Jackson*, 225 S.W.3d 734, 736-37 (Tex. App.—Eastland 2007, no pet.) (explaining three-step administrative process for resolving workers' compensation disputes and that each step is limited to the scope of the prior proceeding); *State Office of Risk Mgmt. v. Cole*, No. 03-10-00034-CV, 2011 WL 2437672, at *4 (Tex. App.—Austin June 16, 2011, no pet.) (mem. op.) (acknowledging distinction between extent-of-injury and impairment rating issues).

attacking an agency order, a declaratory judgment action directed at that order will not lie." *Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied). "This follows because a party is generally not entitled to redundant remedies." *Id.*; *see also SWEPI LP v. R.R. Comm'n of Tex.*, 314 S.W.3d 253, 268 (Tex. App.— Austin 2010, pet. denied). Both Cervantes's declaratory judgment action and the grounds on which he sought judicial review of the appeals panel's decision are directed at his challenge to the validity of Dr. Kinzy's certification based on his allegation that Dr. Kinzy did not comply with the applicable rules. "If [Cervantes] prevailed in both actions, the relief would be the same." *Young Chevrolet, Inc.*, 974 S.W.2d at 911. Accordingly, the trial court did not err in dismissing Cervantes's declaratory judgment claim. *See id.*

### CONCLUSION

The trial court's summary judgment and dismissal order are affirmed.

Catherine Stone, Chief Justice