**Opinion filed August 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00233-CV

_____

## JERRY ALLEN, Appellant

## V.

## UNION STANDARD INS. CO., Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-67,038**

### M E M O R A N D U M   O P I N I O N

Jerry Allen sued Union Ins. Co. for bad faith and other claims arising out of his workers' compensation injuries and subsequent care. Union was the workers' compensation carrier that provided coverage to Allen on behalf of Allen's employer. Union moved for summary judgment on an affirmative defense of res judicata; Union

argued that the federal court had already ruled against Allen on his claims and that those claims were barred, even in state court. The trial court granted summary judgment in Union's favor; Allen appealed. The issue before this court is whether Allen's state court action is barred, under the doctrine of res judicata, because the federal court dismissed his claims without prejudice. We reverse and remand.

## I. *Procedural History*

This case stems from a 1985 judgment against Union under then-existing laws of workers' compensation.[1] A brief procedural summary follows.

### A. *Original Judgment*

In 1981, Allen was injured in the course and scope of his employment. The 161st District Court of Ector County entered judgment in 1985 in favor of Allen. In that judgment, the trial court made Union liable for future medical expenses as provided by then-existing workers' compensation laws. Union remained liable for all future medical benefits that were not settled or limited in time.

### B. *Removal to Federal Court*

In 2010, Allen sued Union. He alleged that Union had violated the duty of good faith and fair dealing and committed fraud when it failed to pay his continued medical costs and failed to conduct a reasonable investigation to determine whether there was a reasonable basis to deny his benefits. Union alleged diversity jurisdiction and removed the suit to the United States District Court for the Western District of Texas.

The federal court stayed the suit to allow Allen and Union to conduct an administrative hearing on the compensability issue. The Texas Department of Insurance, Division of Workers' Compensation, stated that, after the original judgment

---

[1]The Texas Workers' Compensation Act, herein referred to as "Old Law," was repealed effective January 1, 1991, but is continued in effect for claims for injuries that occurred prior to January 1, 1991. Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, §§ 16.01, 17.18, 1989 Tex. Gen. Laws 1, 114, 122.

in 1985 by the state trial court, the Division maintained limited jurisdiction over Allen's workers' compensation claims.[2] The Division hears worker complaints when, after medical services are rendered, the insurance company either refuses to pay or reduces the payment. The Division can determine the liability of the workers' compensation carrier for the cost and expenses of medical benefits already incurred. In order to make such a determination here, the Division required Allen to submit an itemized bill and documentation from Union to show that Union refused to pay or that it reduced the payment. The record does not reflect whether Allen has submitted any documentation to the Division.

The federal court granted Union's motion to dismiss without prejudice and dismissed the suit. The federal court stated in its order that it lacked jurisdiction over Allen's claims because, when the suit was brought, Allen had not exhausted his administrative remedies.

*C. Enforcement Proceedings*

Following the federal court's dismissal without prejudice, Allen filed the current lawsuit in the 70th District Court in Ector County and sought enforcement of the 1985 judgment. Union moved for summary judgment and alleged that the affirmative defense of res judicata barred Allen's enforcement claim. The trial court granted Union's motion for summary judgment. After granting Union's motion, the trial court denied Allen's motion for new trial; Allen then filed this appeal.

---

[2]The predecessor to the Division of Workers' Compensation was the Texas Workers' Compensation Commission, which replaced the Industrial Accident Board. *See* Act of December 12, 1989, 71st Leg., 2nd C.S., ch. 1, §§ 2.01, 17.01, 1989 Tex. Gen. Laws 6, 115, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5.2, 1993 Tex. Gen. Laws 1273. The Commission was abolished in 2005, and all powers and duties were transferred to the Division. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.003, 8.001, 2005 Tex. Gen. Laws 469, 470, 607–08.

## II. *Standard of Review*

We look only to the evidence presented to the trial court when we review de novo the trial court's grant of summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the nonmovant, Allen, and draw all reasonable inferences in his favor. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). Any disputed evidence in favor of Union will not be considered. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

Union moved for summary judgment on the affirmative defense of res judicata. *See* TEX. R. CIV. P. 94, 166a. A properly pleaded affirmative defense may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). Union, as the moving party, had the burden to conclusively establish all elements of its affirmative defense; Union must have shown that there were no disputed issues of material fact, and that it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 215–16; *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). Once a defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

## III. *Doctrine of Res Judicata*

Allen argues that res judicata does not operate to bar his enforcement claim. Allen asserts that Union was not entitled to judgment as a matter of law because his enforcement claim was not part of the federal lawsuit and because the federal court did not have jurisdiction to enforce the original 1985 judgment. Union argues that the

4

federal court's dismissal without prejudice bars Allen's enforcement action in the state district court.

The doctrine of res judicata involves the conclusive effects of judgments, encompassing two separate categories: (1) claim preclusion (usually referred to as res judicata) and (2) issue preclusion (usually called collateral estoppel). *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Savs.*, 837 S.W.2d 627, 628 (Tex. 1992) (citing *Puga v. Donna Fruit Co., Inc.*, 634 S.W.2d 677, 679 (Tex. 1982)). Some courts have confused the two doctrines and used them interchangeably. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985).

We decline to address issue preclusion because we cannot review a ground for summary judgment not expressly presented to the trial court. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see also Smith v. Killion*, No. 11-11-00083-CV, 2013 WL 1859336, at *5 (Tex. App.—Eastland Apr. 30, 2013, no pet. h.) ("In those cases where a motion for summary judgment was filed in which specific grounds were asserted, summary judgment cannot be upheld on grounds that were not asserted in the motion, even though the evidence supports the unasserted grounds."). Claim preclusion was the sole ground in Union's motion for summary judgment.

The basis for Union's removal of Allen's suit to federal court was diversity jurisdiction. We consider the preclusive effect of federal judgments in diversity cases under Texas rules of preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008); *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Truck Ins. Exch. v. Mid-Continent Cas. Co.*, 320 S.W.3d 613, 617–18 (Tex. App.—Austin 2010, no pet.); *Heartland Holdings, Inc. v. U.S. Trust Co. of Tex. N.A.*, 316 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Madera Prod. Co. v. Atl. Richfield*

*Co.*, 107 S.W.3d 652, 661 (Tex. App.—Texarkana 2003, pet. denied in part, dism'd in part).

Res judicata or claim preclusion prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr*, 837 S.W.2d at 628 (citing *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984), and *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)). Claim preclusion is final not only as to the matter determined, but also as to every other matter that the parties could have litigated in the cause and might have decided. *Barr*, 837 S.W.2d at 629. Under claim preclusion, any cause of action that arises out of the same facts should be litigated in the same lawsuit, if practicable. *Id.* at 630.

Under Texas law, whether a claim is precluded is determined by three factors: (1) whether a prior judgment on the merits was entered by a court of competent jurisdiction; (2) whether the prior suit involves the same parties or those in privity with them; and (3) whether the second action is based on the same claims as raised or could have been raised in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Because we hold that there was no prior judgment on the merits, we need not address the second and third elements. Our examination of the first element of the test establishes that the federal court dismissal without prejudice is not res judicata as to Allen's claims in state court.

First, Allen argues that the federal court dismissal without prejudice was not an adjudication on the merits by a court of competent jurisdiction. In *Semtek*, the Supreme Court noted that not necessarily all judgments denominated "on the merits" are entitled to claim preclusive effect. *Semtek Int'l, Inc.*, 531 U.S. at 501. Interpreting Federal Rule of Civil Procedure 41(b), the *Semtek* Court concluded that adjudication on the merits is the opposite of a dismissal without prejudice. *Id.* at 505. The effect of

adjudication on the merits under Rule 41(b) is "simply that, unlike a dismissal 'without prejudice,'" the dismissal with prejudice barred refiling of the same claim in the same court. *Id.* at 506. But we do not have that adjudication "on the merits" in this case because the federal court dismissed without prejudice.

"A party aggrieved by a decision of the [Division] has the right to seek judicial review if it has first exhausted its administrative remedies." *Tex. Dep't of Ins., Div. of Workers' Comp. v. Jackson*, 225 S.W.3d 734, 736 (Tex. App.—Eastland 2007, no pet.). The exhaustion of the administrative process operates like a condition precedent. Here, the federal court entered a dismissal without prejudice in federal court, not a decision on the merits; therefore, Allen could refile his claim in the original state court without preclusive effect.

When a federal district court dismisses a suit for lack of subject-matter jurisdiction, the disposition is "without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see also* FED. R. CIV. P. 41(b). Allen's claims of bad faith and fraud were dismissed without prejudice by the federal court. Dismissal without prejudice does not have the force of a judgment on the merits. *Semtek Int'l, Inc.*, 531 U.S. at 505; *McConnell v. Attorney Gen. of Tex.*, 878 S.W.2d 281, 283 (Tex. App.—Corpus Christi 1994, no writ); *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Union's affirmative defense of res judicata on the basis of claim preclusion fails on this element. We sustain Allen's issue.

## IV. *This Court's Ruling*

We reverse the judgment of the trial court, and we remand the cause to the trial court for further proceedings.

MIKE WILLSON

JUSTICE

August 30, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.